RECEIVED
WILLIAMSPORT

JAN 5 2018

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AYODELE OKE,
            PLAINTIFF

3: CV 18 0310

CIVIL ACTION NO._____

v.

MARK GARMAN
DEPUTY MCMAHON
DEPUTY HOUSER
MAJOR HALDEMAN
TED WILLIAMS
DR.ITALIA
DR.TREJADA
CAPTAIN PROBST
LIEUTENANT HOOVER
LIEUTENANT VANCE
NURSE FICKS
NURSE BOB
JANE/JOHN DOE
JANE/JOHN DOE II
JANE/JOHN DOE III,
            DEFENDANTS
In their individual and official
            capacities

DEMAND FOR JURY TRIAL
PURSUANT TO FED.R.CIV.P.38

FILED
WILLIAMSPORT

FEB 05 2018

PER _____
DEPUTY CLERK

COMPLAINT

INTRODUCTION

1. This is a civil action against the following defendants:(1)Superintendent Mark

    Garman;(2)Deputy McMahon;(3)Deputy Houser;(4)Major Haldeman;(5) Ted

    Williams;(6)Dr.Italia;(7) Dr.Trejada;(8) Captain Probst;(9) Lieutenant Hoover;

    (10) Liuetenant Vance;(11)Nurse Ficks;(12) Nurse Bob;(13) Jane/John Doe;(14)

1

Jane/John Doe II;and (15) Jane/John Doe III for, inter alia, violating the Plaintiff's civil and Eighth Amendment United States Constitutional rights.

2. The Plaintiff was arbitrarily denied emergency medical care while incarcerated at S.C.I. Rockview. The Plaintiff had a wisdom tooth which contained a cavity and was cracked. The Plaintiff put in requests for medical care;however, he was denied treatment for over six weeks. The Plaintiff was in serious pain;he could not ear (or drink) at times;he could not sleep at times;he developed severe migraines and headaches;and he had constant pain throughout his mouth, jaw, and neck. There was no rational or penological justification for denying the Plaintiff medical treatment for over six weeks. The defendants have, among other things, failed to attend to the Plaintiff's severe medical condition in a timely fashion and/or have failed to implement a policy, practice, custom, and/or usage which would prevent inmates from enduring unecessary pain due to inadequate medical procedures.

3. At all relevant times hereto, the defendants named in this action have acted outside the scope of their employment and have also acted under the color of state law.

4. Plaintiff, pursuant to Federal Rules of Civil Procedure Rule 38 and the Seventh Amendment to the United States Constitution, demands a jury trial on all issues raised in this civil action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28

U.S.C. § 1343(a)(3), and 28 U.S.C. § 1367.

6. The Middle District of Pennsylvania is the appropriate venue for this action to be heard, as all of the causes of action have occurred in this district.

## PARTIES

7. Plaintiff, Ayodele Oke, is an inmate currently incarcerated at S.C.I. Forest. The Plaintiff's current address is 287 Woodland Drive, P.O. Box 945, Marienville, Pennsylvania, 16239.

8. Defendant Mark Garman is the Facility Manager/Superintendent at S.C.I. Rockview;he is charge of S.C.I. Rockview's security, programs, and activities.

9. Defendant Deputy McMahon is a Deputy Superintendent at S.C.I. Rockview; he is in charge of S.C.I. Rockview's Unit Management and facility security.

10. Defendant Deputy Houser is the Deputy Superintendent for centralized services at S.C.I. Rockview;he is responsible for S.C.I. Rockview's medical and mental health care, correctional industries, education, activities, and food services.

11. Defendant Major Haldeman is the Major at S.C.I. Rockview;she supervises all facility corrections officers and the unit management teams assigned to each housing unit.

12. Defendant Ted Williams is the Clinical Health Care Administrator at S.C.I. Rockview;he is in charge of, inter alia, managing the medical department and its

3

personnel.

13. Defendants Dr. Italia and Dr. Trejada are dentists at S.C.I. Rockview.

14. Defendant Captain Probst is the security captain at S.C.I. Rockview; he is in charge of S.C.I. Rockview's security and its personnel.

15. Defendants Lieutenant Vance and Hoover are the security lieutenants at S.C.I. Rockview;they are responsible for, inter alia, the daily security issues and security personnel.

16. Defendants Nurse Bob and Ficks are nurses at S.C.I. Rockview;they both, among other things, are responsible for giving inmates their medication(s).

17. Defendants Jane/John Doe and Jane/John Doe II are Dr.Italia's and Trejada's nurses/assistants.

18. Defendant Jane/John Doe III is the secretary/court administrator at S.C.I. Rockview; he/she is in charge of scheduling dental appointments and making sure those appointments are carried out.

19. The defendants are currently employed at S.C.I. Rockview;their current address (for their place of employment) is 1 Rockview Place, P.O. Box A, Bellefonte, Pennsylvania 16823.

### FACTUAL BACKGROUND

20. Plaintiff, in February of 2016, was in S.C.I. Rockview's Restrictive Housing Unit

4

(hereinafter "RHU"); he was placed in administrative custody pending transfer to another state correctional facility.

21. Plaintiff, in February of 2016, developed excruciating pain in his mouth (due to a cavity). The Plaintiff's mouth was in severe pain due to this cavity, and this injury affected the Plaintiff's daily activities,i.e., the Plaintiff could not eat or drink at times;he could not sleep at times (insomnia); he developed severe migraines and headaches;and he developed constant and severe pain in his neck, mouth, and jaw.

22. On or about February 28, 2016, the Plaintiff wrote dental, via request slip (because RHU staff stated that they did not have any sick-call slips), and requested emergency medical care. Plaintiff stated that he was having severe toothaches and that he was in constant and excruciating pain. Plaintiff stated that he would pay the $5 sick-call fee, but that he needed immediate medical attention.

23. Dental responded to the Plaintiff's request on or about March 3, 2016, and stated that he [the Plaintiff] was scheduled for a dental appointment in March of 2016.

24. Plaintiff, on March 19, 2016, wrote dental, once again, and stated that dental claimed that they would see him [the Plaintiff] in March,however, he needed immediate treatment. See Exhibit "A".

25. Plaintiff was never seen in March by dental.

26. Plaintiff endured severe pain unecessarily;he could not eat or drink at times; his neck, mouth, and jaw were in excruciating pain; he could not sleep (at times); he

suffered from anxiety, unecessary inconvience, grief, anger, frustration, and loss of self-worth, as he [the Plaintiff] could not believe that he was in severe pain and medical would not attend to his needs.

27. On April 3, 2016, the Plaintiff filed a grievance;in this grievance the Plaintiff stated that he was having severe tooth problems/toothaches, and that dentistry was informed on two occasions about this, via request slip. The Plaintiff stated, inter alia, that he was in throbbing and unbearable pain;yet, dental failed to see him in March (as was promised). Plaintiff stated that dental was deliberately indifferent to the current injuries that he was sustaining, and that their non-treatment of the Plaintiff was cruel and unusual punishment-in violation of the Eighth Amendment to the United States Constitution. Plaintiff stated that DC-ADM 13.2 has been violated, and dental has demonstrated negligence, actual malice, and willful misconduct. The Plaintiff also stated that their failure to treat the Plaintiff resulted in the negligent infliction of emotional distress. The Plaintiff then requested $200,000 in punitive damages and $100,000 in compensatory damages. The grievance was assigned to Defendant Ted Williams on April 7, 2016, and the grievance was assigned the tracking number 620728. See Exhibit "B".

28. On April 7, 2016, Defendant Nurse Bob was delivering medication to the inmates in the RHU.

29. The Plaintiff stopped Defendant Nurse Bob to have a conversation with him

about dental's unresponsiveness.

30. The Plaintiff stated to Defendant Nurse Bob that he was in constant pain due to a severe toothache. The Plaintiff then stated to Defendant Nurse Bob that he wrote dental on two separate occasions, and that dental stated-both times-that they would see him [the Plaintiff] in March;however, dental did not fulfull this obligation.

31. Defendant Nurse Bob stated to the Plaintiff that dentistry is really "backed up." Defendant Nurse Bob then stated (to the Plaintiff) that dental still should have given him [the Plaintiff] the necessary and appropriate care (as was promised). Defendant Nurse Bob also stated that a request slip sent to dental asking for immediate services is equivalent to putting in a sick-call slip.

32. On April 8, 2016, Defendant Nurse Bob was, once again, delivering medication to inmates in the RHU.

33. The Plaintiff stated to Defendant Nurse Bob, once again, that he needed to see medical because he was in serious pain.

34. Defendant Nurse Bob stated to the Plaintiff that he hopes dental would see him [the Plaintiff] soon.

35. On April 17, 2016, the Plaintiff filed another grievance regarding, among other things, dental's deliberate indifference and cruel and unusual punishment. See Exhibit "C". This grievance was handed to S.C.I. Rockview Correctional Officer

Sergeant Shuss, on April 17, 2016, to be inserted into the grievance box. See Exhibit "D." However, the Petitioner never received a response to this grievance. The Plaintiff even wrote Defendant Ted Williams and asked him if he received this grievance;however, he [Defendant Ted Williams] did not address this matter. See Exhibit "E."

36. On April 18, 2016, the Plaintiff was complaining to Correctional Officer (hereinafter "C.O.") Ceprish and his [the Plaintiff's] neighbor, Wayne Johnson, that he was in excruciating pain because of his tooth. Wayne Johnson stated to C.O. Ceprish that the Plaintiff needed immediate medical attention. See Exhibit "F."

37. C.O. Ceprish then called dental on April 18, 2016, and told them that the Plaintiff was in serious need of medical care due to excruciating toothaches.

38. On April 18, 2016, C.O Cain (along wth another C.O), at approximately 2 p.m., then transported the Plaintiff to dental for treatment.

39. At dental, the Plaintiff showed Defendant Dr.Italia his wisdom tooth, which was rotten;contained a big black hole;and a cavity.

40. The Plaintiff stated to Defendant Dr.Italia that he was in excruciating pain because of this tooth.

41. Defendant Dr.Italia stated that the tooth had to be extracted-immediately-and that there were no other options or alternatives.

42. Defendant Dr.Italia then performed oral surgery and extracted this tooth.

8

43. Defendant Dr.Italia then showed the Plaintiff the removed wisdom tooth and it was

   black at the bottom, as well as cracked.

44. Defendant Dr.Italia stated to the Plaintiff that he could probably feel the crack

   when he chewed because the wisdom tooth was cracked.

45. The Plaintiff stated to Defendant Dr.Italia that he was in severe pain because of

   this tooth.

46. Defendant Dr.Italia's response to the Plaintiff was, "I'm sure you were."

47. The Plaintiff was then given motrin to help ease the pain, and he [the Plaintiff] was

   also told by Defendant Dr.Italia that he would be given motrin twice a day.

48. The Plaintiff was then escorted back to the RHU by C.O. Cain (and another C.O.).

49. C.O. Cane told Wayne Johnson (the Plaintiff's neighbor) that he was present while

   the Plaintiff was having his tooth extracted; C.O. Cane then told Wayne Johnson

   that the Plaintiff was "Bitchin" and "squirming" as he was having his tooth

   extracted. C.O. Cane told Wayne Johnson that the Plaintiff's tooth was rotten,

   contained a cavity, and that it also had a big black hole in it. C.O. Cane then stated

   that the Plaintiff's tooth was the cause of him having constant and severe pain. See

   Exhibit "F" for Wayne Johnson's affidavit.

50. On the morning of April 19, 2016, Defendant Nurse Ficks was in the RHU giving

   inmates their medication.

51. Defendant Nurse Ficks did not give the Plaintiff his motion for pain relief

9

purposes.

52. On April 19, 2016, Dr.Hahn was touring the RHU.

53. The plaintiff stopped Dr.Hahn and stated to him that dental took over six weeks to treat him for a serious injury when he had constantly notified them that he was having severe toothaches.

54. Dr. Hahn stated to the Plaintiff that it is hard to see dental.

55. Dr.Hahn stated to the Plaintiff that if an inmate has an appointment coming up, but that same inmate has submittied a sick-call slip/request, dentristry will tend to to wait until the inmate's appointment to treat/see him.

56. Dr.Hahn also stated to the Plaintiff that when an appointment is scheduled for dentistry, the dentist and his nurse/assistant are made aware of that appointment in advance.

57. On April 19, 2016, the Plaintiff thanked C.O. Ceprish for making sure that dental saw him. The Plaintiff stated that he had a cavity and defendant Dr.Italia had removed this problem tooth.

58. C.O. Ceprish then stated to the Plaintiff that dental had plans to see him in a week or two, but that they had managed to squeeze him [the Plaintiff] in for an examination because he [C.O. Ceprish] had told dental that it was an emergency.

59. On April 19, 2016, the Plaintiff wrote defendant Dr.Italia and asked him if there was anything that he should not eat because of the recent surgery; defendant Dr.

Italia responded on April 21, 2016, to this question and stated the following:
"You can eat normally. The bone takes a while to heal. You sometimes feel
pressure due to the bone filling back in place." See Exhibit  "G".

60. On April 20, 2016, C.O. Ceprish stated to the Plaintiff that dentistry only treated
him on April 18, 2016, because an appointment had been cancelled. C.O.
Ceprish then stated to the Plaintiff that dental was really backed-up and that they
were already aware of his [the Plaintiff's] injury/complaint (before he had called).
Inmate Wayne Johnson heard this conversation. See Exhibit "F" for Wayne
Johnson's affidavit.

61. On April 20, 2016, Defendant Ted Williams wrote a response to grievance no.
620728. See Exhibit "B". (The Plaintiff did not receive this grievance response
until April  29,2016.) Defendant Ted Williams stated the following in his
response to thePlaintiff's grievance:" I have reviewed your dental record and
discussed this issue with the dentist. You were schedule [sic] to be seen by dental
on March 28,2016, but security staff were not able to escort you to dental for an
exam. You were re-scheduled and did receive a dental exam on April 18, 2016.
Your dental  issues were not an emergency situation requiring an immediate
exam. Your grievance is denied." See Exhibit "H".

62. On April 21, 2016, the Plaintiff filed another grievance (grievance no.623889),
which was submitted to defendant Ted Williams for disposition. Plaintiff stated
in his grievance that he was brought over to dental on April 18, 2016, because
C.O. Ceprish had called over to medical and stated that it was an emergency.

Plaintiff stated that defendant Dr.Italia removed his wisdom tooth because it was

rotten; it had a cavity;a black hole;and it was cracked. Plaintiff stated in his

grievance that he informed dental on February 28, 2016, and March 19, 2016,

about his dental injury;yet, he wasn't seen for over six weeks. Plaintiff stated that

defendant Ted Williams was aware of the Plaintiff's injury because, among other

things, grievance no.620728 was forwarded to him (see exhibit "B"). However,

defendant Ted Williams did nothing to immediately remedy this ongoing

violation. The Plaintiff stated that he suffered excruciating pain, unnecessarily,

because dental did not treat him in a timely and appropriate fashion. The Plaintiff

then stated that defendants Ted Williams, Jane/John Doe, Jane/John Doe II,

Jane/John Doe III, Dr.Italia, and Dr.Trejada violated his [the Plaintiff's] Eighth

Amendment United States Constitutional rights;and that said defendants were also

deliberately indifferent to the injuries that he sustained (unnecessarily). The

Plaintiff also stated that said defendants demonstrated negligence and actual

malice. Plaintiff stated that he was denied/delayed emergency care due to non-

medical reasons, and that this was a policy, practice, pattern, and/or custom that

S.C.I. Rockview has. The Plaintiff also stated that the nurse did not give him

motrin for his pain on the morning of April 19, 2016, and, consequently,defendant

Nurse Ficks demonstrated negligence, deliberate indifference, and a violation of

the Plaintiff's Eighth Amendment United States Constitutional rights.The Plaintiff

requested $500,000 in punitive damages and $250,000 in compensatory damages.

63. On May 1, 2016, the Plaintiff appealed grievance no.620728 (see exhibit "B and

H") to Defendant Mark Garman; the Plaintiff appealed defendant Ted Williams'

determination of frivolousness. The Plaintiff stated that, contrary to Defendant

Ted Williams assertions, his dental issues were an emeregency, and that he [the

Plaintiff] had a big black cavity in his wisdom tooth, which was cracked and

rotten. The Plaintiff averred that he could not sleep at times because of the

excruciating pain that he endured, and that the pain would travel through his

gumlines and, sometimes, down to his neck. The Plaintiff averred that this injury

required immediate surgery, as Defendant Dr.Italia had to immediately remove the

problem tooth. The Plaintiff stated that defendants Ted Williams, Dr.Italia,

Dr.Trejada, Jane/John Doe, Jane/John Doe II, and Jane/John Doe III were aware

that the Plaintiff was not being treated for his severe pain;yet, they did not feel the

need to make sure that he was given immediate/prompt care. The Plaintiff averred

that said defendants have a policy, practice, custom, and/or usage of not

immediately treating/seeing inmates because they don't have enough staff/dentists

to treat them;and they don't consider a situation where an inmate is complaining

of excruciating pain, due to a cracked and rotten tooth, an emergency. The

Plaintiff averred that said defendants have violated his Eighth Amendment United

States Constitutional rights;were deliberately indifferent to the injuries that he

sustained; were negligent;and demonstrated actual malice and willful misconduct.

The Plaintiff's also averred that said defendants have a policy, practice, custom,

and/or usage of ignoring inmates' emergency requests for treatment, and waiting

until a scheduled appointment to see/treat an inmate. See Exhibit "I".

64. The Plaintiff averred in his appeal of grievance no.620728 that defendants Deputy

McMahon, Lieutenant Probst, Lieutenant Hoover, Major Haldeman, and Mark

13

Garman were deliberately indifferent to his injuries-in violation of the Eighth
Amendment to the United States Constitution-because they did not have a policy
or practice in place to deal with the lack of security escorts from the RHU;and that
said defendants also have a policy, practice, custom, and/or usage of not making
sure inmates are transported to dental for medical needs when they lack security
staff to escort them. The Plaintiff averred that said defendants have failed to
train/supervise their subordinates in dealing with this type of situation. The
Plaintiff averred that dental is understaffed, underfunded, and Defendants Mark
Garman, Deputy Houser, and Ted Williams have a policy and/or practice of
inaction when it comes to dealing with this issue and, consequently, the Plaintiff's
Eighth Amendment United States Constitutional rights were violated. The
Plaintiff averred that said defendants have a policy of not seeing inmates for
dental on weekends, which resulted in the Plaintiff's Eighth Amendment United
States Constitutional rights being violated. The Plaintiff averred that DC A.D.M
13.2 has been violated. The Plaintiff then re-newed his request for $100,000 in
compensatory damages and $200,000 in punitive damages. See Exhibit "I".

65. DC-ADM 13.2.1 defines dental emergency as, "Any condition that can jeopardize
the health, safety, and welfare of the inmate. The specific conditions constituting a
dental emergency are outlined in the procedures manual." DC-ADM 13.2.1
Section 4(C)(2)(a)(2) states:"True dental emergencies shall be given scheduling
priority over all other dental LOC classes and shall not be subject to co-payment
charges." Furthermore, DC-ADM 13.2.1 Section 4(2)(a)(3) states:"Emergency
care includes treatment for:(a) cessation of hemorrhage;(b) relief of severe pain;

14

(c) oral and odontogenic infections;(d) fractures of bones and teeth; (e)

trauma; and ((f) any other condition, symptomatic or asymptomatic, that poses an

immediate threat to the health of the inmate." See Exhibit "J" for

DC.ADM.13.2.1. Section 4(c)(2)(a)(2)-(3).

66. On April 25, 2016, the Plaintiff filed another grievance about being denied

treatment for over six weeks (grievance no.623893), which was submitted to

Defendant Ted Williams for disposition. See Exhibit "K"

67. The Plaintiff stated in grievance no.623893 that defendants Ted Williams, Nurse

Bob, Dr.Trejada, Dr.Italia, Jane/John Doe, Jane/John Doe II, Jane/John Doe III

were deliberately indifferent to the injuries that he sustained and violated his

Eighth Amendment United States Constitutional rights. The Plaintiff stated that

said defendants have demonstrated negligence, negligence per se, actual malice,

willful misconduct, and negligent/intentional infliction of emotional distress. The

Plaintiff also stated that defendants Ted Williams, Deputy Houser, Mark Garman,

Dr.Italia, and Dr.Trejada have a policy, practice, custom, and/or usage of:(1) being

understaffed; (2) underfunded; (3) not seeing inmates in a timely and appropriate

fashion when they submit sick-call slips or emergency requests for dental if the

inmate already has an appointment scheduled;(4) not seeing inmates on weekends

for dental needs; and (5) not having enough staff to meet inmates dental

emergencies/needs. The Plaintiff averred that said defendants are liable under the

doctrine of supervisory liability, and have, consequently, violated the Plaintiff's

Eighth Amendment United States Constitutional rights. The Plaintif also stated

15

that Defendant Nurse Ficks failed to give him his pain medication on the morning of April 19, 2016, and, therefore, she demonstrated negligence, deliberate indifference (an Eighth Amendment violation), and negligent/intentional infliction of emotional distress. See Exhibit "K" for grievance no.623893.

68. On May 23, 2016, Defendant Ted Williams filed a response to grievance no.623893 (see Exhibit "K"); Defendant Ted Williams stated the following: "I have reviewed your dental record and scheduling apparatus used. The dental staff received a request from you about a problem tooth and scheduled you as soon as possible. There are many inmates waiting for dental treatment and they cannot move you ahead of others. You were ultimately seen on 4/18/16 and had your problem tooth addressed. I have no reason to believe you have been treated inappropriately in regards to this matter. This grievance is without merit and denied." See Exhibit "L".

69. On May 23, 2016, Defendant Ted Williams responded to grievance no.623893 (see Exhibit "K"); Defendant Ted Williams stated the following in his response: " This grievance is the same as grievance 623893 submitted with a date of 4/21/16. I will refer you to that response in regards to the dental complaint. This grievance is frivolous and denied." See Exhibit "M".

70. On May 25, 2016, Defendant Mark Garman responded to grievance no.620728 (see Exhibit "I"). (The Plaintiff did not receive this appeal response until June 1, 2016.) Defendant Mark Garman stated the following in his appeal response:" I have reviewed the initial grievance, the grievance officer response, and the

subsequent appeal of your issues relating to dental. The response provided to you by CHCA Williams indicates you were seen on 4/18/16 by the dentist and given a dental exam. That exam did not warrant emergency care. The opinion of the Dentist a dhis [sic] professional review of your complaint determined your complaint to be routine. You will be rescheduled for an appointment at a later time for the dental work to be completed. Your appeal is denied." See Exhibit "N".

71. On or about June 1, 2016, the Plaintiff appealed grievance no.620728 (see Exhibit "N") to the Secretary's Office of Inmate Grievances and Appeals (hereinafter "SOIGA"). The Plaintiff simply reiterated the arguments raised in his initial grievance and his appeal of that grievance to Deft Mark Garman (see Exhibit "I") in his final appeal to the SOIGA. See Exhibit "O".

72. On June 1, 2016, the Plaintiff appealed grievance no.623889 to Defendant Mark Garman; the Plaintiff reiterated the arguments from his initial grievance (see Exhibit "W") in his appeal to Defendant Mark Garman. See Exhibit "P".

73. On June 1, 2016, the Plaintiff appealed grievance no.623893 to Defendant Mark Garman;the Plaintiff reiterated his arguments from his initial grievance in his appeal to Defendant Mark Garman (see Exhibit "K"). See Exhibit "Q".

74. On or about June 3, 2016, the Plaintiff was transferred from S.C.I. Rockview to S.C.I. Forest.

75. On June 24, 2016, Defendant Mark Garman responded to grievance/appeal

no.623889. (The Plaintiff did not receive this grievance appeal until July 7, 2016.)
Defendant Mark Garman stated the following in his response:"I have reviewed the
initial grievance, the grievance officer response, and the subsequent appeal of your
issues relating to health care. Specifically, your complaint about the delay in
dental service. As CHCA Williams informs you, dental responded to your request
and you were scheduled to be seen. Services wer [sic] provided on April 18, 2016.
Based on review of this matter, it appeared that you define the problem as a dental
emergency but it was determined to be routine repair. Your appeal is [sic] of this
matter is denied." See Exhibit "R". Thereafter, the Plaintiff appealed the denial of
this grievance to SOIGA. See Exhibit "X".

76. On June 24, 2016, Defendant Mark Garman responded to grievance appeal
    no.623893. (The Plaintiff did not receive this grievance response until July 7,
    2016.) Defendant Mark Garman stated the following in his response:" I have
    reviewed the initial grievance, the grievance officer response, and the subsequent
    appeal of your issues relating ot [sic] health care. The initial response notes this
    matter was already grieved in #623889. This should noever [sic] have been a
    ccepted. Your appeal is denied. See Exhibit "S". Thereafter, the Plaintiff appealed
    the denial of this grievance to SOIGA. See Exhibit "Y".

77. On July 5, 2016, the SOIGA responded to the Plaintiff's grievance appeal
    no.620728 (see Exhibit "O"). Dorina Varner, the Chief Grievance Officer, stated
    the following in her response:" A review of the record was conducted by the
    Bureau of Health Care Services. Upon reviewing your dental record and speaking

18

with the treating dentist, it was determined that the dental care provided was appropriate. You were evaluated in dental and your condition was not determined to be of an urgent nature. You were seen later by the dental hygienist. The medical staff prescibed antibiotics and pain medication to you on 4/10/2016. On 4/18/2016 the dentist removed the offending tooth. There have neither been any post-operative episodes of pain or surgical complications. You transferred to SCI Forest on 6/7/2016 and have not been experiencing any dental problems since your arrival. You are encouraged to participate in your dental treatment plan and discuss your concerns with a dental practitioner. This office upholds the decisions of the Bureau of Health Care Services, the Facility Manager, and the Grievance Officer in denying your grievance and requested relief." See Exhibit "T".

78. Dorina Varner has falsely claimed that the Plaintiff was prescibed pain medication/antibiotics on 4/10/16. The Plaintiff was not seen by dental until April 18, 2016, and this fact has been conceded to by Defendants Mark Garman and Ted Williams. See Exhibits "H" "L" and "N".  Inmates cannot be prescribed antibiotics and pain medication until they have first been examined by a dentist/medical practitioner. And, once again, the Plaintiff was not seen, by dental, until April 18, 2016.

79. On August 21 2016, the Plaintiff received a response by SOIGA in regards to grievance no.623889 (see Exhibit "X"). See Exhibit "U" for the response.  The Secretary's Office of Inmate Grievances and Appeal

80. On August        2016, the Plaintiff received a response by SOIGA in regards to

grievance no.623893 (see Exhibit "Y"). See Exhibit "V" for the response.

81. The Plaintiff endured unnecessary and excruciating pain from February of 2016 through April 19, 2016, due to the defendants' deliberate indifference, medical malpractice, and negligence. The Plaintiff had a cavity;a cracked tooth;and his t ooth was rotten. The Plaintiff stated to dental, on more than a few occasions, that he was in severe pain;however, dental staff ignored his requests; then the defendants, in an attempt to cover up their own misconduct and escape liability, prevaricated and stated that the Plaintiff's condition did not require emergency care. The defendants acted with reckless disregard for the Plaintiff's health and well-being, and, consequently, the Plaintiff suffered tremendous pain (needlessly).

82. The Plaintiff's condition made emergency care imperative; he [the Plaintiff] complained of severe pain;he had a cracked tooth and/or bone;and he had severe tooth decay, which affected his daily activities, i.e., he could not sleep (at times); he could not eat or drink (at times); he had constant migraines and headaches;and he was suffering from grief, stress, unnecessary discomfort, and anger. Thus, the Plaintiff's condition required emergency care pursuant to DC-ADM 13.2.1 Section 4(2)(a)(3)(b)(c)(d) and (f). See Exhibit "J" for  DC-ADM 13.2.1 Section 4(2)(a)(3) (b)(c)(d) and (f) for Department of Corrections (hereinafter "DOC") policy regarding what constitutes dental emergencies.

83. In addition to the pain that the Plaintiff endured while being denied emergency medical care, the Plaintiff could have developed even more severe conditions

and/or diseases (which could have been potentially fatal).

84. Tooth decay can lead to gum disease and gingervitis.

85. Tooth decay can cause an abscess, which can result in an infection spreading to the jaw (which can cause swelling); it can also cause the neck glands to swell;and complications from an abscess can lead to life-threatening sepsis.

86. The Plaintiff was unecessarily exposed to these conditions, injuries, and/or diseases because of the defendants' callous and reckless disregard for his health and well-being.

87. DC-ADM 13.2.1. Section 4(C)(4)(f) states:"Unless otherwise directed, the dental assistant will work with the medical or dental providers who are handling dental sick-calls." See Exhibit "J" for DC-ADM 13.2.1. Section 4(C)(4)(f).

88. DC-ADM 13.2.1 Section 4(C)(4)(I) states:" With approval from and review by a licensed facility dentist who is responsible for the inmate's dental care, a facility staff person is able to respond in writing to a written request for an inmate." See Exhibit "J" for DC-ADM 13.2.1 Section4(C)(4)(I).

89. DC-ADM 13.2.1. Section 4(c)(4)(j) states:" It is appropriate for a licensed facility dentist to:(1) review inmate request slips to determine if the problem described rises to the appropriate level of urgency;(2) perform a limited dental exam, focusing on the problems as reported by the inmate during the dental sick-call appointment. NOTE: In the absence of a dentist, the RDH may screen an inmate who has signed up for dental sick-call." See Exhibit "J" for DC-ADM 13.2.1.

Section 4(c)(4)(j)  .

90. It is non-sensical for Defendants Ted Williams, Dr.Italia, and Mark Garman to

claim that the Plaintiff's condition did not require emergency care because not

only did the Plaintiff state that he was in serious pain, which was affecting his

daily activities, the Defendants Ted Willaims, Dr.Italia, and/or Dr.Trejada failed

to conduct an immediate or prompt examination to diagnose the Plaintiff's

problems per DC-ADM 13.2.1 Section 4(c)(4)(j)(1) and (2). Said defendants'

rationale is pretextual, and it [their rationale] is an attempt to mask their

negligence, deliberate indifference (an Eighth Amendment violation), and

malpractice.

91. Defendants Ted Williams ,Dr.Italia, Dr.Trejada, and/or Jane/John Doe, and/or

Jane Doe II were aware of the Plaintiff's condition and request for emergency care as

early as March of 2016;this is because Defendants Italia and/or Trejada were

responsible for reviewing the Plaintiff's request slips asking for emergency care; and

then said defendants were responsible for making sure that the Plaintiff was seen

promptly. See Exhibit "J" for DC-ADM 13.2.1. Section 4(c)(4)(j).

92. After Defendants Dr.Italia and Dr.Trejada reviewed the Plaintiff's request slips

(see Exhibit "A"), their nurses/assistants,i.e., Jane/John Doe and Jane John Doe II,

had knowledge regarding the Plaintiff's dental condition and, thus, said defendants

knew that he was not being treated. See Exhibit "J" for DC-ADM 13.2.1 Section

4(C)(4)(f).

93. Defendant Ted Williams stated that the Plaintiff could not be scheduled infront of

other inmates (see Exhibit "L");however, the Plaintiff's condition required emergency care, and DC-ADM 13.2.1 Section 4(c)(2)(a)92) reflects that he [the Plaintiff] should have been scheduled/seen infront of other inmates. See Exhibit "J" for DC-ADM 13.2.1 Section 4(C)(2)(a)(2).

94. Defendant Ted Williams was aware of the Plaintiff's condition; he was aware that the Plaintiff was not receiving treatment from February of 2016 through April 18, 2016, and he was aware that the Plaintiff had not been taken to his appointment (in March of 2016); Defendant Ted Williams had, or should have had, knowledge of these facts because he is responsible for making sure inmates make their appointments; and he is also responsible for making sure dental staff/ employees fufill their duties and obligations.

95. The defendants have acted outside the scope of their employment; their conduct was different in kind authorized by their employer/master; and it was not actuated by purpose to serve their employer/master.

96. The defendants listed in this civil action have violated the Plaintiff's Eighth Amendment United States Constitutional rights.

97. The Plaintiff attempted to obtain his dental records; however, he was unsuccessful because dental staff refused to provide it if a lawsuit was not active. See Exhibit "Z".

98. The Plaintiff, upon receiving his medical records, will determine if it is necessary to file a certificate of merit.

23

## LEGAL CLAIMS

## COUNT I - DEFENDANT TED WILLIAMS ACTED WITH DELIBERATE INDIFFERENCE

99. The Plaintiff re-alleged and incorporates by reference paragraphs 1-96.

## A. DEFENDANT TED WILLIAMS DENIED/DELAYED THE PLAINTIFF EMERGENCY MEDICAL CARE BASED ON A NON-MEDICAL REASON

100. Defendant Ted Williams is an administrative employee and medical practitioner

(at S.C.I. Rockview); his duties consists of, but are not limited to:(1) ensuring the

medical staff/personnel fulfill their obligations;(2) overseeing the nursing,

medical and dental records departments;(3) responding to grievances assigned by

the grievance coordinator;(4) ensuring that all inmates who signed up for sick-call

were seen by medical staff;and (5) ensuring the medical vendors would provide

the required hours, that their documentation was proper and in the format of what

the [DOC] required.

101. Defendant Ted Williams acted with callous and reckless disregard for the

Plaintiff's health, safety, and well-being. Defendant Ted Williams failed to

investigate the Plaintiff's condition before denying him emergency medical

care;he failed to make sure Defendants Dr.Italia and Trejada fulfilled their

obligation and made sure that the Plaintiff's condition was treated as one

mandating emergency care;and he failed to make sure that the Plaintiff attended

his appointment in March of 2016.

102. Defendant Ted Williams was also made aware of the Plaintiff's dental injuries

because the Plaintiff had filed a grievance, explaining his condition, which was

submitted to him [Defendant Ted Williams] (for disposition), on April 7, 2016. See Exhibit "B".

103. Defendant Ted Williams was also made aware of the Plaintiff's dental injuries because the Plaintiff had submitted an emergency request for medical attention on February 28, 2016, and March 19, 2016 (see Exhibit "A"). Thus, Defendant Ted Williams, who is in charge of making sure dental appointments are scheduled and/or carried out, had actual or constructive knowledge that the Plaintiff was scheduled for an appointment because of his dental condition.

104. Despite Defendant Ted Williams having actual or constructive knowledge that the Plaintiff was not being treated for his severe pain, he did nothing to immediately remedy this ongoing violation-despite having the authority to do so.

105. The Plaintiff suffered tremendously because of Defendant Ted Williams' failure to make sure that he [the Plaintiff] was treated immediately for his condition. From March of 2016 through April 19, 2016, the Plaintiff suffered, unnecessarily, from grief, sleeplessness, anger, frustration, migraines, headaches, and excruciating pain in his neck, mouth, and jaw.

106. Defendant Ted Williams knew, or should have known, that the Plaintiff would continue to suffer excruciating pain-needlessly-as long as he was not being treated by staff.

107. There was no penological justification for denying the Plaintiff emergency medical care for over six weeks because dental was understaffed and/or

underfunded and, thus, could not meet the Plaintiff's emergency requests for dental care.

108. The Plaintiff, via request slips and grievances (see Exhibit "A" and "B"), made it known that he had a big black hole in his tooth, which was excruciatingly painful. Therefore, one can easily conclude that the Plaintiff had a cavity, which caused him pain and could potentially, if not already, become infected (possibly resulting in death). It is also relatively simple for one to conclude that the Plaintiff would continue to suffer excruciating pain if not treated.

109. Defendant Ted Williams knew, or should have known, about the Plaintiff's toothaches as far back as March of 2016, because of request slips, a grievance, and scheduled appointments, that the Plaintiff needed emergency medical attention;however, he chose to ignore the Plaintiff's request for medical care and, consequently, the Plaintiff suffered horrible pain for over six weeks. Defendant Ted Williams acted with callous and reckless disregard for the Plaintiff's health and well-being (deliberate indifference) and, therefore, he violated the Plaintiff's Eighth Amendment United States Constitutional rights.

110. Defendant Ted Williams acted outside the scope of his employment; his actions (on inaction) was not intended to serve his employer/master.

## B. DEFENDANT TED WILLIAMS WAS AWARE OF THE PLAINTIFF'S NEED FOR MEDICAL TREATMENT BUT HE INTENTIONALLY REFUSED TO PROVIDE IT

111. The Plaintiff, via request slips (see Exhibit "A"), informed dental that he was in serious need of medical attention.

112. The Plaintiff, via grievance (see Exhibit "B"), informed dental that he was in serious need of medical attention.

113. Defendant Ted Williams was ultimately in charge of making sure the Plaintiff received emergency medical care and that dental personnel correctly identifies a dental emergency.

114. Defendant Ted Williams is responsible for making sure inmates attend their dental appointments.

115. Defendant Ted Williams knew, or should have known, that the Plaintiff needed emergency medical care because he was in charge of handling emergency requests for medical; he was also in charge of making sure the Plaintiff was seen promptly because of his serious dental condition.

116. However, Defendant Ted Williams refused to ensure that the Plaintiff was provided the appropriate treatment for over six weeks because he claimed, erroneously, that the Plaintiff's injury was not an emergency. Moreover, Defendant Ted Williams failed to investigate-or have Defendants Dr.Italia, Dr.Trejada, Jane/John Doe, and Jane/John Doe II investigate-the Plaintiff's condition before concluding that it was not an emergency.

117. The Plaintiff had a wisdom tooth that was cracked; rotten; and had a cavity; and this was made known to dental, via request slips and grievances (see Exhibit "A" and "B"). The Plaintiff stated that he was suffering from, among other things, severe pain.however, Defendant Ted Williams did not make sure that the

Plaintiff was treated/seen by dental for over six weeks. Despite the Plaintiff's constant requests for medical attention, Defendant Ted Williams did not feel the Plaintiff's condition was an emergency, which was an unreasonable determination and, quite frankly, not in accordance with DC-ADM 13.2.1. Section 4(c)(2)(a)(3). See Exhibit "J".

118. Defendant Ted Williams acted with callous and reckless disregard for the Plaintiff's health and well-being; the Plaintiff suffered-needlessly-because of his failure to grant the Plaintiff emergency medical care.

119. Defendant Ted Williams demonstrated deliberate indifference for the Plaintiff's health and well-being, and he knew, or should have known, that the Plaintiff would continue to suffer severe pain if not treated by medical.

120. Defendant Ted Williams violated the Plaintiff's Eighth Amendment United States Constitutional rights, as this was cruel and unusual punishment.

121. It is apparent that the Plaintiff's condition was an emergency because it resulted in emergency surgery once he [the Plaintiff] was seen by Defendant Dr.Italia.

122. It is apparent that the Plaintiff's condition was an emergency because the Plaintiff was not charged for the surgery (or the examination), which usually only occurs if his condition was not one deemed an emergency. See Exhibit "J" for DC-ADM 13.2.1 Section 4(c)(2)(a)(2), which states:" True dental emergencies shall be given scheduling priority over all other dental LOC classes and shall not be subject to co-payment charges."

123. Defendant Ted Williams acted outside the scope of his employment; his actions in no way served the employer/master.

## COUNT II - DEFENDANT NURSE FICKS ACTED WITH DELIBERATE INDIFFERENCE

124. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

125. The Plaintiff had painful oral surgery on April 18, 2016, and Defendant Dr.Italia prescribed him motrin for pain relief purposes, which was to be given to the Plaintiff twice a day.

126. Defendant Nurse Ficks was assigned the tasks of giving inmaes in the RHU their medication on the morning of April 19, 2016.

127. The Plaintiff was suffering from trauma and excruciating pain from the surgery;therefore, he needed the medication to help ease the pain in his mouth, face, and jaw.

128. Defendant Nurse Ficks did not give the Plaintiff his pain medication on the morning of April 19, 2016.

129.The Plaintiff suffered, needlessly, because Defendant Nurse Ficks acted with callous and reckless disregard for the Plaintiff's health and well-being. In fact, Defendant Nurse Ficks acted with deliberate indifference and, consequently, she violated the Plaintiff's Eighth Amendment United States Constitutional rights. There was no penological justification for Defendant Nurse Ficks' failure to give the Plaintiff his prescribed medication. This was cruel and unusual punishment.

130. Defendant Nurse Ficks acted outside the scope of her employment.

## COUNT III - DEFENDANT DR.ITALIA ACTED WITH DELIBERATE INDIFFERENCE

131. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

132. The Plaintiff was in excruciating pain due to, inter alia, his wisdom tooth containing a cavity.

133. The Plaintiff wrote dental, via request slip, and informed them that he was in serious pain because of a problem tooth. See Exhibit "A".

134. The Plaintiff was scheduled for an appoinment in March of 2016;however, Defendant Dr.Italia never saw him (in March).

135. Dr.Hahns stated to the Plaintiff on or about April 17, 2016, that the dentists are aware of an inmate's appointment, as well as the reason for that appointment, in advance of that appointment.

136.DC-ADM 13.2.1 Section 4(c)(4)(I) states:"With approval from and review by a licensed facility dentist who is responsible for the inmate's dental care, a facility staff person is able to respond in writing to a written request for an inmate." See Exhibit "J" DC-ADM 13.2.1 Section 4(c)(4)(I). DC-ADM 13.2.1 Section 4(c)(4) (j) states:"It is appropriate for a licensed facility dentist to:(1) review inmate request slips to determine if the problem described rises to the appropriate leval of urgency..." See Exhibit "J" for DC-ADM 13.2.1 Section 4(c)(4)(j). Thus, it is apparent that Defendant Dr.Italia knew, or should have known, that the Plaintiff complained of severe pain; that he [the Plaintiff] requested emergency medical

care; and that he was scheduled for an appointment.

137. Defendant Dr.Italia did not treat the Plaintiff until April 18, 2016, which is six weeks after he was made aware, or should have been made aware, of the Plaintiff's request for emergency medical care (via request slip). See Exhibit "A".

138. Defendant Dr.Italia stated, erroneously, that the Plaintiff's condition did not necessitate emergency medical care (see Exhibit "H");however, this was a desperate attempt to escape liability and responsibility. The Plaintiff had a wisdom tooth which was cracked;rotten;and contained a cavity. This problem tooth had a substantial and injurious effect on the Plaintiff's health and well-being.

139. The Plaintiff's condition was an emergency and it should have been treated as such. See Exhibit "J" for DC-ADM 13.2.1. Section 4(c)(2)(a)(3).

140. Defendant Dr.Italia acted with callous and reckless disregard for the Plaintiff's health and well-being;thus, he demonstrated deliberate indifference and, consequently, he violated the Plaintiff's Eighth Amendment United States Constitutional rights. Defendant Dr.Italia knew, or should have known, that the Plaintiff would continue to be in severe pain as long as he was not being treated by medical.

141. Defendant Dr. Italia acted outside the scope of his employment.

## COUNT IV - DEFENDANT DR.TREJADA ACTED WITH DELIBERATE INDIFFERENCE

34

142. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

143. The Plaintiff was in excruciating pain due to, inter alia, his wisdom tooth containing a cavity.

144. The Plaintiff wrote dental, via request slip, and informed them that he was in serious pain because of a problem tooth. See Exhibit "A".

145. The Plaintiff was scheduled for an appoinment in March of 2016;however, he was never seen by dental (in March).

146. Dr.Hahns stated to the Plaintiff on or about April 17, 2016, that the dentists are aware of an inmate's appointment, as well as the reason for that appointment, in advance of that appointment.

147. DC-ADM 13.2.1 Section 4(c)(4)(I) states:"With approval from and review by a licensed facility dentist who is responsible for the inmate's dental care, a facility staff person is able to respond in writing to a written request for an inmate." See Exhibit "J" DC-ADM 13.2.1 Section 4(c)(4)(I). DC-ADM 13.2.1 Section 4(c)(4) (j) states:"It is appropriate for a licensed facility dentist to:(1) review inmate request slips to determine if the problem described rises to the appropriate leval of urgency..." See Exhibit "J" for DC-ADM 13.2.1 Section 4(c)(4)(j). Thus, it is apparent that Defendant Dr.Trejada knew, or should have known, that the Plaintiff complained of severe pain; that he [the Plaintiff] requested emergency medical care; and that he was scheduled for an appointment.

148. The Plaintiff's condition was an emergency and it should have been treated as

such. See Exhibit "J" for DC-ADM 13.2.1. Section 4(c)(2)(a)(3).

149. Defendant Dr.Trejada acted with callous and reckless disregard for the Plaintiff's health and well-being;thus, he demonstrated deliberate indifference and, consequently, he violated the Plaintiff's Eighth Amendment United States Constitutional rights. Defendant Dr.Trejada knew, or should have known, that the Plaintiff would continue to be in severe pain as long as he was not being treated by medical.

150. Defendant Dr. Trejada acted outside the scope of his employment.

## COUNT V - DEFENDANT NURSE BOB ACTED WITH DELIBERATE INDIFFERENCE

151. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

152. Defendant Nurse Bob was made aware, by the Plaintiff, on April 7, 2016, and April 8, 2016, that he had a severe toothache and that he was being denied emergency medical care by dental.

153. Defendant Nurse Bob told the Plaintiff that dental was really "backed-up."

154. Defendant Nurse Bob had knowledge, or reason to believe, that the Plaintiff was not receiving medical treatment for his severe toothaches.

155. Defendant Nurse Bob failed to relay to dental and/or the appropriate personnel that the Plaintiff was being denied medical treatment and was needlessly suffering because of it.

156. Defendant Nurse Bob acted with callous and reckless disregrd for the Plaintiff's

health, safety, and well-being;and consequently, he demonstrated deliberate indifference and violated the Plaintiff's Eighth Amendment United States Constitutional rights because he knew, or should have known, that the Plaintiff would continue to suffer from pain as long as he was not being treated for his condition. Defendant Nurse Bob should have made sure the Plaintiff was seen/treated by medical (or he at least should have made a good faith effort to make sure that this occurred);however, this did not happen.

157. Defendant Nurse Bob acted outside the scope of his employment.

## COUNT VI - DEFENDANT JANE/JOHN DOE III ACTED WITH DELIBERATE INDIFFERENCE

158. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

159. Defendant Jane/John Doe III is the secretary and/or adminstrator at S.C.I. Rockview;he/she is in charge of scheduling dental appointments for inmates.

160. Defendant Jane/John Doe III was aware, or should have been aware, of the Plaintiff's injury and his need for dental treatment.

161. Defendant Jane/John Doe III was aware, or should have been aware, of the fact that the Plaintiff did not attend his scheduled dental appointment and, consequently, he was not receiving the necessary medical examination.

162. Defendant Jane/John Doe III did not relay to the proper authorities that the Plaintiff was not being treated for medical purposes.

163. Defendant Jane/John Doe III failed to make sure the Plaintiff attended his March

of 2016 dental appointment, and Defendant Jane/John Doe III failed to inform the appropriate authorities/dental staff that the Plaintiff was not being treated. Consequently, the Plaintiff was not treated for his condition and he continued to suffer severe pain.

164. Defendant Jane/John Doe III acted with deliberate indifference,i.e., he/she acted with callous and reckless disregard for the Plaintiff's health and well-being. Defendant Jane/John Doe III knew, or should have known, that there was an intolerable risk of the Plaintiff suffering from his condition if he was not treated. Consequently, the Plaintiff's Eighth Amendment United States Constitutional rights were violated.

165. Defendant Jane/John Doe III acted outside the scope of his/her employment.

## COUNT VII - DEFENDANT JANE/JOHN DOE ACTED WITH DELIBERATE INDIFFERENCE

166. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

167. Defendant Jane/John Doe is the nurse/assistant to Defendant Dr.Italia.

168. Defendant Jane/John Doe knew, or should have known, of the Plaintiff's emergency request for medical (dental) attention; and Defendant Jane/John Doe knew, or should have known, that the Plaintiff was not being treated. See Exhibit "J" For DC-ADM 13.2.1. Section 4(c)(4)(f), which states:"Unless otherwise directed, the dental assistant will work as the medical or dental providers who are handling dental sick-call."

168. Defendant Jane/John Doe did not inform the proper authorities/dental staff that

the Plaintiff was not being treated for severe dental pains.

169. Defendant Jane/John Doe acted with with callous and reckless disregard for the Plaintiff's health and well-being;and therefore, he/she has acted with deliberate indifference, which has resulted in the Plaintiff's Eighth Amendment United States Constitutional rights being violated. Defendant Jane/John Doe knew, or should have known, that there was an intolerable risk of the Plaintiff suffering injury if he was not being provided with necessary and timely dental care.

170. Defendant Jane/John Doe acted outside the scope of his/her employment.

## COUNT VIII - DEFENDANT JANE/JOHN DOE II ACTED WITH DELIBERATE INDIFFERENCE

171. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

172. Defendant Jane/John Doe II is the nurse/assistant to Defendant Dr.Trejada.

173. Defendant Jane/John Doe II knew, or should have known, of the Plaintiff's emergency request for medical (dental) attention; and Defendant Jane/John Doe II knew, or should have known, that the Plaintiff was not being treated. See Exhibit "J" For DC-ADM 13.2.1. Section 4(c)(4)(f), which states:"Unless otherwise directed, the dental assistant will work as the medical or dental providers who are handling dental sick-call."

174. Defendant Jane/John Doe II did not inform the proper authorities/dental staff that the Plaintiff was not being treated for severe dental pains.

175. Defendant Jane/John Doe II acted with with callous and reckless disregard for

the Plaintiff's health and well-being; and therefore, he/she has acted with deliberate indifference, which has resulted in the Plaintiff's Eighth Amendment United States Constitutional rights being violated. Defendant Jane/John Doe II knew, or should have known, that there was an intolerable risk of the Plaintiff suffering injury if the Plaintiff was not being provided with necessary and timely dental care.

176. Defendant Jane/John Doe II acted outside the scope of his/her employment.

## COUNT IX - SUPERVISOR LIABILITY - DEFENDANTS' DEPUTY MCMAHON, MARK GARMAN, MAJOR HALDEMAN, CAPTAIN PROBST, LIEUTENANT VANCE, AND LIEUTENANT HOOVER DO NOT HAVE A POLICY, PRACTICE, CUSTOM, AND/OR USAGE IN PLACE TO DEAL WITH THE LACK OF SECURITY ESCORTS FOR DENTAL/MEDICAL APPOINTMENTS/REQUESTS

177. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

178. Defendant Ted Williams stated that the Plaintiff was not escorted to his March of 2016 dental appointment because security staff was not able to transport him from the RHU. See Exhibit "H".

179. Defendant Mark Garman has the ability and authority to set policies and practices regarding security escort matters.

180. Defendent Deputy McMahon has the ability and authority to set policies and make decisions regarding security escort matters.

181. Defendant Major Haldeman has the authority to make decisions regarding how C.O.'s should be delegated certain tasks (in certain situations).

182. Defendants Lieutenant Hoover and Vance have the authority to delegate tasks to certain C.O.'s for security purposes.

183. For the sake of this issue (Count IX), Defendants Major Haldeman, Mark Garman, Deputy McMahon, Captain Probst, and Lieutenant Hoover and Vance will collectively be referred to as "defendants."

## A. THE POLICY, PRACTICE, CUSTOM, AND/OR USAGE MAINTAINED BY THE DEFENDANTS CREATED AN UNREASONABLE RISK OF A CONSTITUTIONAL VIOLATION

184. Defendants' Major Haldeman, Mark Garman, Deputy McMahon, Captain Probst, and/or Lieutenant Hoover and Vance have a policy, practice, custom, procedure, and/or usage of not escorting inmates to dental/medical, from the RHU, if they do not have enough security staff available at that particular time for that assignment.

185. The Defendants could have established a policy, practice, custom, procedure, and/or usage of having "blue shirts" escort inmates, from the RHU, to dental/medical appointments (if security employees were not available).

186. The Defendants could have established a policy, practice, custom, procedure, and/or usage of having C.O.'s reassigned (from whatever job/activity that they were already doing which was not crucial to the function of the prison) to the RHU for escort purposes.

187. The Defendants could have hired other C.O.'s to help with escorting inmates to medical/dental, from the RHU, for dental purposes.

188. The Defendants could have had security C.O.'s escort inmates during morning or afternoon "count" or "lock-down" because, at this time, various activites and programs are not in motion;therefore, there should be C.O.'s around to help in escorting an inmate, from the RHU, to dental. (Please note that inmates in the RHU are transported during "count" or "lock-down" for a variety of other reasons;for example, to be taken to the RHU or to be escorted to security.)

189. The Defendants could have had "plain shirts" escort inmates to medical/dental, from the RHU, if security C.O.'s were not available.

190. The Defendants, however, chose the option of inaction, i.e., to not have inmates escorted to their mental/dental appointment when this issue arises (in the RHU). Essentially, the defendants have developed a policy, practice, custom, and/or usage for denying medical care to inmates.

191. It is odd that the defendants do not have a policy in place to deal with this issue of lack of security staff to escort inmates, from the RHU, to medical/dental; this is because when fights break out between inmates, or inmates and staff, C.O.'s are radioed in from numerous posts to help subdue the violence;therefore, they have a policy in place to subdue violence when it arises between inmates or inmates and staff. Also, when an inmate does something that the defendants, or S.C.I. Rockview staff, deem a serious violation of DOC Policy, which warrants that inmate be placed in the RHU, C.O.'s are immediately contacted and summoned to escort that inmate to the RHU. Therefore, the defendants have a policy in place to deal with inmates who they felt have committed a serious

violation and should not remain in general population, i.e., they summon staff to immediately escort that inmate to the RHU (from wherever that inmate is located in general population). However, when an inmate is suffering from severe pain (in the RHU), and he could even potentially die, the defendants now claim that they do not have enough security staff to escort the inmate to medical. This is bizarre and shows a callous and reckless disregard for the inmates' *well-being,* *safety, and life.*

192. This policy, practice, custom, and/or usage maintained by the defendants results in an unreasonable risk of an inmate's Eighth Amendment United States Constitutional rights being violated. Inmates can-and will-have certain serious medical issues that arise while they are in the RHU, and this policy, practice, custom, and/or usage of inaction will result in an inmate being denied emergency medical care due to non-medical reasons; and therefore, there is an intolerable amount of risk that an inmate will endure, unnecessarily, severe pain (as what has happened here), which could even potentially become fatal.

## B. THE DEFENDANTS WERE AWARE, OR SHOULD HAVE BEEN AWARE, THAT THIS POLICY, PRACTICE, CUSTOM, AND/OR USAGE CREATED AN UNREASONABLE RISK

193. This policy, practice, custom, and/or usage of inaction creates a serious risk that an inmate's Eighth Amendment United States Constitutional rights will be violated, and that he will suffer cruel and unusual punishment because he may not receive the required medical treatment/care.

194. The Defendants were aware, or should have been aware, that this policy,

practice/custom, and or usage would create an unreasonable risk of injury-or
even potentially death-because if an inmate has a serious medical emergency-
as was here-and he cannot be escorted to medical/dental to obtain the
necessary care, then he will suffer severe pain (unnecessarily).

195. Said defendants have a policy, practice, and/or custom of not escorting
inmates to medical when emergencies occur when they claim that they lack
manpower to do so. This policy and/or practice resulted in the Plaintiff
suffering pain (unnecessarily). This policy/and or practice prevents inmates
from obtaining the appropriate care in a timely fashion due to non-medical
reasons. This policy/practice affects inmates' health, well-being, and
because it unnecessarily and maliciously exposes inmates to prolonged
periods of pain without penological justification and without a valid medical
reason. This is a practice that the defendants have, i.e. denying inmates
emergency care because they claim that they do not have enough staff to
escort an inmate to medical.

## C. SAID DFENDANTS WERE INDIFFERENT TO THE RISK

196. The defendants have acted with callous and reckless disregard for the
Plaintiff's (or any inmates') well-being, safety, and health because of this
policy, practice, custom, and/or usage of inaction,i.e., not escorting
inmates to dental/medical for treatment/care when they claim that they
lack the manpower or security personnel to do so.

197. The defendants acted with callous and reckless disregard in maintaining this policy, practice, custom, and/or usage (of inaction) because they have shown to be deliberately indifferent to any injury that the Plaintiff-or any inmate-will sustain. This policy, practice, custom, and/or usage essentially denies inmates emergency medical care (due to non-medical reasons), which has dire consequences for their [the inmates'] health and well-being.

## D. THE CONSTITUTIONAL VIOLATION THAT THE PLAINTIFF ENDURED-AN EIGHTH AMENDMENT VIOLATION-WAS CAUSED BY THE DEFENDANTS' POLICIES, PRACTICES, CUSTOMS, AND/OR USAGES

198. The defendants failed to implement a policy, practice, custom, and/or usage to deal with the issue of the lack of security staff to escort inmates from the RHU to medical;therefore, the defendants have a policy of inaction regarding this matter.

199. Because of this policy, practice, custom, and/or usage of not escorting the Plaintiff to medical because of the lack of manpower, the Plaintiff did not receive the necessary medical care and, therefore, he suffered, unnecessarily, from, among other things, headaches, migraines, neck pains, jaw pains, and face pains. Consequently, the Plaintiff's Eighth Amendment United States Constitutional rights were violated.

200. The Plaintiff, if escorted, would have been treated and, thus, he would not have suffered unnecessarily.

201. The defendants acted outside the scope of their employment.

COUNT X- SUPERVISOR LIABILITY - DEFENDANTS TED WILLIAMS, DEPUTY HOUSER, DR.ITALIA, DR.TREJADA, AND MARK GARMAN HAVE A POLICY, PRACTICE, CUSTOM, AND OR/USAGE OF IGNORING INMATES' EMERGENCY REQUESTS FOR MEDICAL CARE AND WAITING UNTIL THEIR SCHEDULED APPOINTMENTS TO PROVIDE TREATMENT

202. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

203. For the sake of count X, Defendants' Ted Williams, Deputy Houser, Dr.Italia,

Dr.Trejada, and Mark Garman will be identified collectively as the "defendants."

## A. THE POLICY, PRACTICE, CUSTOM, AND/OR USAGE MAINTAINED BY THE DEFENDANTS CREATED AN UNREASONABLE RISK OF A CONSTITUTIONAL VIOLATION

204. Dr. Hahn stated to the Plaintiff on or about April 17, 2016, that if an inmate

submits an emergency request for dental care, but that same inmate already has a

dental appointment scheduled, dental will ignore the request for emergency

medical attention and will wait until the inmate's appointment to conduct an

examination.

205. The defendants have a policy, practice, custom, and/or usage of ignoring an

inmate's request for emergency medical attention if that inmate already has an

appointment scheduled with medical/dental.

206. This policy, practice, custom, and/or usage poses a substantial and intolerable

risk to an inmate's health and well-being;this is because dental is essentially

denying an inmate emergency medical care for non-medical reasons.

207. Defendants' Dr.Italia, Ted Williams, Deputy Houser, Dr.Trejada, and Mark

Garman have a policy, practice, custom, and/or usage of ignoring/delaying

emergency treatment/care for inmates because they would rather, for whatever reason (which is not a medical one), see/treat them [the inmates] on their appointment date (which may be in days, weeks, or months). This policy, practice, custom, and/or usage creates an unnecessary risk that an inmate will endure serious pain, which could be fatal (which may have been treatable if examined promptly), from the date that they submit their request for emergency services to the date of their appointment (which may take days, weeks, or months). This will subject an inmate to cruel and unusual punishment-an Eighth Amendment violation.

208. The Plaintiff was not afforded emergency medical care because this policy, practice, custom, and/or usage prevented him from prompt treatment;and instead, dental stated that they would see/treat him at his scheduled appointment (which they never did). See Exhibit "A". Consequently, the Plaintiff suffered from severe pain (needlessly).

## B. THE DEFENDANTS WERE AWARE, OR SHOULD HAVE BEEN AWARE, THAT THIS POLICY, PRACTICE, CUSTOM, AND/OR USAGE WOULD CREATE AN UNREASONABLE RISK

209. The defendants knew, or should have known, that this policy, practice, custom, and/or usage created an unreasonable risk of injury;this is because inmates are not being promptly seen by dental staff because dental is now waiting to see inmates on their appointment dates-instead of the next day or immediately. Thus, inmates are suffering pain-needlessly-which could result in death, because they are not being granted emergency access to dental and, therefore, they are enduring pain (which should have been treated in a timely and appropriate

fashion). Denying an inmate emergency medical care-for non-medical reasons-is a dangerous and hazardous policy.

## C. THE DEFENDANTS WERE INDIFFERENT TO THAT RISK

210. The defendants, by maintaining this policy, practice, custom, and/or usage, acted with deliberate indifference,i.e., with reckless and callous disregard for the Plaintiff's (or any inmates') health and well-being.

211. The defendants knew, or should have known, that denying an inmate emergency access to dental care can result in an inmate suffering severe pain for unjustifiable reasons.

212. Subsequently, the Plaintiff endured severe pain for over six weeks because of this ridiculous practice or policy. The defendants stated that they were going to wait until the Plaintiff's appointment to conduct an examinaton, instead of conducting one promptly because the Plaintiff was complaining of severe pain.

213. The defendants acted outside the scope of their employment.

**COUNT XI - SUPERVISORY LIABILITY - DEFENDANTS TED WILLIAMS, DEPUTY HOUSER, AND MARK GARMAN HAVE A POLICY, PRACTICE, CUSTOM, AND/OR USAGE OF NOT TREATING INMATES IN A TIMELY AND APPROPRIATE FASHION FOR EMERGENCIES BECAUSE THEY ARE UNDERSTAFFED AND UNDERFUNDED**

214. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

215. Defendant Deputy Houser has the ability to recommend additional dentists be hired and/or he has the ability to actually hire additional dental personnel.

216. Defendant Mark Garman has the ability to recommend additional dentists be

45

hired and/or he has the ability to actually hire additional dental personnel.

217. Defendant Ted Williams has the ability to recommend additional dentists be hired and/or he has the ability to actually hire additional dental personnel.

218. For the purposes of count XI, defendants' Ted Williams, Deputy Houser, and Mark Garman will be identified collectively as the "defendants."

## A. THE POLICY, PRACTICE, CUSTOM, AND/OR USAGE SET BY THE DEFENDANTS CREATED AN UNREASONABLE RISK OF A CONSTITUTIONAL VIOLATION

219. Defendant Ted Williams stated in his grievance response that dental tried to schedule the Plaintiff as soon as possible (for an examination);however, dental could not schedule him infront of other inmates. See Exhibit "L".

220. Essentially, Defendant Ted Williams stated that dental apppointments were booked-up for a while, and that the Plaintiff could not have been promptly seen/treated because of prison overcrowding, lack of adequate dental staff to meet inmates' emergency dental needs, and a lack of funding to cure this problem.

221. The defendants have a policy, practice, custom, and/or usage of inaction when confronted with the issue of not having enough dentists/dental employees to meet emergency medical needs;this is because the defendants could:(1) hire additional dentists to meet demand;and/or (2), transport inmates to medical facilities where an emergency dental care can be provided.

## B. THE DEFENDANTS WERE AWARE, OR SHOULD HAVE BEEN AWARE, THAT THIS POLICY, PRACTICE, CUSTOM, AND/OR USAGE

**WOULD CREATE AN UNREASONABLE RISK**

222. The defendants knew, or should have known, that this policy, practice, custom, and/or usage would create an unreasonable risk of injury.

223. The defendants knew, or should have known, that inmates could potentially suffer excruciating pain (or even death), needlessly, because they cannot receive emergency medical/dental care due to their failure to provide adequate staff to meet that demand. Denying inmates medical care based on non-medical reasons creates a substantial risk of inmates' suffering from unnecessary injury/pain or death.

**C. THE DEFENDANTS WERE INDIFFERENT TO THAT RISK**

224. The defendants acted with deliberate indifference, i.e., they they acted with callous and reckless disregard for the inmates' well-being and health because of their failure to provide adequate dental staff to meet emergency dental needs. Thus, their policy, practice, custom, and/or usage violates the Eighth Amendment to the United States Constitution.

225. The constitutional injury was caused by the failure of the defendants to implement a policy or practice to address this deficiency.

226. Because the defendants did not have adequate medical personnel to treat the Plaintiff's emergency dental needs, the Plaintiff suffered-unnecessarily- from headaches, migaines, severe pains, grief, anger, and sleeplessness. The Plaintiff was denied emergency medical care for non-medical reasons. This was cruel and unusual punishment, which violated the Eighth Amendment to the United States

Constitution.

227. The defendants acted outside the scope of their employment.

## COUNT XII - SUPERVISORY LIABILITY - DEFENDANTS MARK GARMAN, TED WILLIAMS, DR.ITALIA, AND DR.TREJADA HAVE A POLICY, PRACTICE, CUSTOM, AND/OR USAGE OF NOT TREATING COMPLAINTS OF SEVERE DENTAL PAIN AS AN EMERGENCY

228. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

229. For the sake of count XII, Defendants' Ted Williams, Mark Garman, Dr.Italia,

   and Dr.Trejada will be collectively identified as the "defendants."

## A. THE POLICY, PRACTICE, CUSTOM, AND/OR USAGE MAINTAINED BY THE DEFENDANTS CREATED AN UNREASONABLE RISK OF A CONSTITUTIONAL VIOLATION

230. The Plaintiff made numerous complaints about his dental state (see Exhibit "A"

   and "B");the Plaintiff made it clear that he was in severe pain, which was

   affecting his daily activities.

231.Defendants Ted Williams, Mark Garman, and Dr.Italia claimed-erroneously-that

   the Plaintiff's complaint did not meet the requirements of an emergency. See

   Exhibit "H" and "N".

232. This policy, practice, custom, and or/usage of not treating inmates' complaints of

   severe toothaches, resulting from a cavity,as an emegency creates an

   unreasonable risk and violates the Eighth Amendment to the United States

   Constitution.

## B. THE DEFENDANTS WERE AWARE, OR SHOULD HAVE BEEN AWARE, THAT THIS POLICY, PRACTICE, CUSTOM, AND/OR USAGE WOULD CREATE AN UNREASONABLE RISK

233. The defendants were aware, or should have been aware, of the fact that creating a policy, practice, custom, and/or usage of not treating an inmate's complaints of severe toothaches, which are affecting his daily activities, as an emergency- without first conducting an examination-creates a substantial risk that an inmate will suffer severe pain (unnecessarily).

## ·C. THE DEFENDANTS WERE INDIFFERENT TO THAT RISK

234. The defendants acted with deliberate indifference,i.e., they acted with callous and reckless disregard for the Plaintiff's health and well-being by maintaining a policy or practice which denied an inmate's emergency request for dental care based on non-medical judgment (or without first conducting some sort of examination).

235. The defendants acted outside the scope of their employment.

## COUNT VIII - DEFENDANTS MARK GARMAN, DEPUTY MCMAHON, MAJOR HALDEMAN, CAPTAIN PROBST, LIEUTENANT VANCE, AND LIEUTENANT HOOVER ACTED WITH DELIBERATE INDIFFERENCE BECAUSE OF THEIR FAILURE TO PROVIDE THE PLAINTIFF WITH A SECURITY ESCORT FOR HIS DENTAL APPOINTMENT

236. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

237. Defendants Mark Garman, Deputy McMahon, Major Haldeman, Captain Probst, Lieutenant Vance, and/or Lieutenant Hoover are responsible for making sure security personnel are available to escort inmates from the RHU to dental for their appointments.

238.Defendants Mark Garman, Deputy McMahon, Major Haldeman, Captain Probst,

Lieutenant Vance, and/or Lieutenant Hoover failed to make sure the Plaintiff was escorted to dental, from the RHU, in March of 2016 (for his appointment) and, consequently, the Plaintiff did not receive the care that he deserved. The Plaintiff suffered severe pain (among other things) because of the defendants' callous and reckless disregard for their duty, and because of their callous and reckless disregard of the Plaintiff's health and well-being.

239. Defendants' Mark Garman, Deputy McMahon, Major Haldeman, Captain Probst, Lieutenant Vance, and/or Lieutenant Hoover violated the Plaintiff's Eighth Amendment United States Constitutional rights and acted outside the scope of their employment.

## STATE LAW CLAIMS

## COUNT XIV-NEGLIGENCE

240. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

## A. THE DEFENDANT TED WILLIAMS HAD A DUTY/OBLIGATION TO THE PLAINTIFF

241. Defendant Ted Williams, a medical practitioner and the Clinical Health Care Administrator at S.C.I. Rockview, had a duty/obligation to make sure the Plaintiff was seen/examined by medical/dental at his March of 2016 appointment.

242. Defendant Ted Williams had a duty/obligation to make sure that the Plaintiff was provided emergency medical care for his severe dental condition.

50

243. Defendant Ted Williams had a duty/obligation to make sure that the Plaintiff was examined by a medical/dental professional-promptly-after receiving his [the Plaintiff's] requests for emergency care.

## B. DEFENDANT TED TED WILLIAMS BREACHED THAT OBLIGATION

244. Defendant Ted Williams did not make sure that the Plaintiff was seen, by medical/dental, for his March of 2016 dental appointment.

245. Defendant Ted Williams did not provide the Plaintiff with emergency dental care, as he [Defendant Ted Williams] erroneously claimed that the Plaintiff's condition did not warrant it and that the Plaintiff could not be scheduled infront of other inmates.

246. Defendant Ted Williams failed to have a medical professional/dentist examine the Plaintiff promptly after receiving his requests for emergency medical care.

## C. A CASUAL CONNECTION EXISTS BETWEEN THE DEFENDANT TED WILLIAMS' CONDUCT AND THE RESULTING INJURY

247. Defendant Ted Williams did not fulfill his obligation to make sure that the Plaintiff received emergency medical care, despite his [the Plaintiff's] complaint of severe toothaches (see Exhibit "A" and "B");and therefore, the Plaintiff suffered, needlessly, from grief, stress, anxiety, discomfort, inconvenience, anger, headaches, migraines, severe neck pains, jaw pains, face pains, mouth pains;the Plaintiff also could not sleep, eat, or drink at times (due to the excruciating pain that he was in because he was not provided treatment in a timely fashion).

248. Defendant Ted Williams did not fulfill his obligation to make sure that the

Plaintiff attended his March of 2016 dental appointment, or that he [the Plaintiff] was examined, promptly, after dental received his [the Plaintiff's] complaints of severe toothaches (see Exhibit "A" and "B");and therefore, the Plaintiff suffered, needlessly, from grief, stress, anxiety, discomfort, inconvience, anger, headaches, migraines, severe neck pains, jaw pains, face pains, mouth pains;the Plaintiff also could not sleep, eat, or drink at times (due to the excruciating pain that he was in because he was not provided treatment in a timely fashion).

249. Defendant Ted Williams behaved negligently.

## D. ACTUAL INJURY/DAMAGE RESULTED FROM THE DEFENDANTS' CONDUCT

250. The Plaintiff suffered, needlessly, from grief, stress, anxiety, discomfort, inconvience, anger, headaches, migraines, severe neck pains, jaw pains, face pains, mouth pains;the Plaintiff also could not sleep, eat, or drink at times (because of defendant Ted Williams' negligence).

## COUNT XV - NEGLIGENCE II

251. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

## A. DEFENDANT DR.ITALIA HAD A DUTY/OBLIGATION TO THE PLAINTIFF

252. Defendant Dr. Italia-a dentist/medical practitioner-had a duty/obligation to make sure the Plaintiff received emergency medical care (for his [the Plaintiff's] condition).

253. Defendant Dr.Italia had a duty/obligation to make sure the Plaintiff attended his

52

March of 2016 dental appointment.

254. Defendant Dr.Italia had a duty/obligation to make sure the Plaintiff was examined promptly after reviewing his [the Plaintiff's] emergency requests for medical attention (see Exhibit "A" and "B").

## B. DEFENDANT DR.ITALIA BREACHED THAT OBLIGATION/DUTY

255. Defendant Dr.Italia breached his duty/obligation to provide the Plaintiff with emergency medical care because he erroneously claimed that the Plaintiff's condition did not warrant emergency medical attention. See Exhibit "H". Consequently, the Plaintiff was not treated for over six weeks.

256. Defendant Dr.Italia breached his duty/obligation to conduct a prompt examination (of the Plaintiff} after receiving the Plaintiff's request slips demanding emergency medical attention for his condition. See Exhibit "A". (An examination was not conducted for over six weeks after receiving the Plaintiff's requests for emergency services.)

257. Defendant Dr.Italia did not make sure the Plaintiff attended his March of 2016 dental appointment.

## C. A CONNECTION EXISTS BETWEEN DEFENDANT DR.ITALIA'S CONDUCT AND THE PLAINTIFF'S INJURY

258. Because Defendant Dr.Italia failed to provide the Plaintiff emergency medical care for his condition, the Plaintiff did not receive treatment for over six weeks and, consequently, the Plaintiff suffered severe toothaches and pain when, if he had of been treated promptly, the Plaintiff would have had his tooth extracted

extracted (and the healing process could have commenced sooner), or he [the Plaintiff] would have been provided with pain medication to ease the pain until the surgery occurred.

271. Because Defendant Dr.Trejada failed to conduct a prompt examination of the Plaintiff after receiving his requests for emergency medical attention, the Plaintiff, unnecessarily, suffered injury.

272. Because Defendant Dr.Trejada failed to ensure that the Plaintiff attended his March of 2016 dental appointment, the Plaintiff was not treated and, consequently, he suffered tremendous pain.

## D. ACTUAL INJURY/HARM OCCURRED BECAUSE OF THE DEFENDANT'S NEGLIGENCE

273. Because of Defendant Dr.Trejada's negligence, the Plaintiff suffered severe pain, unnecessarily, and for an extended period of time. The Plaintiff suffered from neck pains, jaw pains, face pains, mouth pains, grief, anger, sleeplessness, frustration, inconvenience, headaches, migraines, and discomfort. The Plaintiff also could not eat or drink at times (because of the excruciating pain that he was in due to Defendant Dr.Trejada's negligence).

## COUNT XVII -NEGLIGENCE (NURSE BOB)

274. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

## A. DEFENDANT NURSE BOB HAD A DUTY/OBLIGATION TO THE PLAINTIFF

275. Defendant Nurse Bob (who is a licensed medical practitioner) was informed on April 7, 2016, and April 8, 2016, by the Plaintiff, that he was suffering from

(and the healing process would have commenced), or he [the Plaintiff] would have been provided pain medication to ease the pain until the surgery occurred.

259. Because Defendant Dr.Italia failed to conduct a prompt examination of the Plaintiff after receiving his request for emergency medical attention, the Plaintiff, unnecessarily, suffered injury.

260. Because Defendant Dr.Italia failed to ensure that the Plaintiff attended his March of 2016 dental appointment, the Plaintiff was not treated and, consequently, he suffered tremendous pain.

261. Defendant Dr.Italia behaved negligently.

## D.   ACTUAL INJURY/HARM OCCURRED BECAUSE OF THE DEFENDANTS' CONDUCT

262. Because of Defendant Dr.Italia's negligence, the Plaintiff suffered severe pain, unnecessarily, and for an extended time period. The Plaintiff suffered from neck pains, jaw pains, face pains, mouth pains, grief, anger, sleeplessness, frustration, inconvenience, discomfort, and sleeplessness. The Plaintiff also could not eat or drink at times (because of the excruciating pain that he was in due to Defendant Italia's failure to provide prompt treatment).

## COUNT XVI - NEGLIGENCE III

263. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

## A. DEFENDANT DR.TREJADA HAD A DUTY/OBLIGATON TO THE PLAINTIFF

264. Defendant Dr.Trejada had a duty/obligation to make sure that the Plaintiff.

received emergency medical care (for his [the Plaintiff's] condition).

265. Defendant Dr.Trejada had a duty/obligation to make sure the Plaintiff attended his March of 2016 dental appointment.

266. Defendant Dr.Trejada had a duty/obligation to make sure that the Plaintiff was examined promptly after receiving his [the Plaintiff's] emergency requests for medical attention (see Exhibit "A" and "B").

## B. DEFENDANT DR.TREJADA BREACHED THAT OBLIGATION/DUTY

267. Defendant Dr.Trejada breached his duty/obligation to conduct a prompt examination (of the Plaintiff) after medical/dental received the Plaintiff's requests slips demanding emergency medical attention(see Exhibit "A"). (An examination was not conducted for over six weeks after receiving the Plaintiff's requests for emergency services.).

268. Defendant Dr.Trejada did not make sure that the Plaintiff attended his March of 2016 dental appointment.

269. Defendant Dr.Trejada is a licensed medical practitioner who acted negligently.

## C. A CONNECTION EXISTS BETWEEN DEFENDANT DR.TREJADA'S CONDUCT AND THE PLAINTIFF'S INJURY

270. Because Defendant Dr.Trejada failed to provide the Plaintiff emergency medical care for his condition, the Plaintiff did not receive treatment for over six weeks and, consequently, the Plaintiff suffered severe toothaches and pain when, if he had of been promptly treated, he [the Plaintiff] would have had his tooth

severe toothaches and dental was not providing him treatment. Defendant Nurse
Bob had a duty/obligation to make sure that the Plaintiff received emergency
medical attention, or at the very least he should have made a good faith effort to
make sure that the Plaintiff would be provided prompt medical attention.

## B. DEFENDANT NURSE BOB BREACHED THAT DUTY/OBLIGATION

276. Defendant Nurse Bob breached his duty/obligation to make sure that the Plaintiff
received emergency medical care (or at least made an attempt to) after being
informed that he [the Plaintiff] was not being provided treatment/care for severe
dental pains.

277. Defendant Nurse Bob acted with negligence.

## C. A CASUAL CONNECTION EXISTS BETWEEN THE DEFENDANT'S
## CONDUCT AND THE PLAINTIFF'S INJURY

278. Because Defendant Nurse Bob did not relay to the appropriate medical staff or
S.C.I. Rockview employee(s) that the Plaintiff was not being provided
treatment/care for his severe dental pains, the Plaintiff was not given immediate
medical attention and, consequently, he suffered, unnecessarily, severe injuries
(which could have been minimized if he was provided dental treatment).

## D. ACTUAL INJURY/HARM OCCURRED BECAUSE OF THE
## DEFENDANT'S NEGLIGENCE

279. Because of the defendant's negligence,  the Plaintiff suffered severe pain,
unnecessarily, and for an extended period of time. The Plaintiff suffered from
neck pains, jaw pains, face pains, mouth pains, grief, anger, sleeplessness,
frustration, inconvenience, headaches, migraines, and discomfort. The Plaintiff also

could not eat or drink at times.

## COUNT XVIII - NEGLIGENCE (NURSE FICKS)

280. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

## A. DEFENDANT NURSE FICKS HAD A DUTY/OBLIGATION TO THE PLAINTIFF

281. Defendant Nurse Ficks, a medical practitioner, had a duty/obligation to provide the Plaintiff with his pain medication on the morning of April 19, 2016, because of his recent oral surgery.

## B. DEFENDANT NURSE FICKS BREACHED THAT DUTY/OBLIGATION

282. Defendant Nurse Ficks, for reasons yet to be provided, did not provide the Plaintiff with his pain medication on the morning of April 19, 2016.

282. Defendant Nurse Ficks behaved negligently.

## C. A CASUAL CONNECTION EXISTS BETWEEN THE DEFENDANT'S CONDUCT AND THE PLAINTIFF'S INJURY

283. Because Defendant Nurse Ficks did not provide the Plaintiff his prescibed dose of pain medication on the morning of April 19, 2016, the Plaintiff endured severe pain from his oral surgery, which would have been minimized with the aid of the pain medication.

## D. ACTUAL INJURY/HARM OCCURRED BECAUSE OF THE DEFENDANT'S NEGLIGENCE

279. Because of the defendant's negligence, the Plaintiff suffered severe pain, unnecessarily, and for an extended period of time. The Plaintiff suffered from neck pains, jaw pains, face pains, mouth pains, grief, anger, sleeplessness,

frustration, inconvenience, discomfort, migraines, and headaches. The Plaintiff also could not eat, drink, or sleep at times (due to the excruciating pain).

## COUNT XIX- NEGLIGENCE VI (JANE/JOHN DOE)

280. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

## A. DEFENDANT JANE/JOHN DOE HAD A DUTY/OBLIGATION

281. Defendant Jane/John Doe, a medical practictioner and Dr.Italia's nurse/assistant, had a duty/obligation to make sure that the Plaintiff was seen/treated by dental in March of 2016 for his scheduled appointment.

282. Defendant Jane/John Doe had a duty/obligation to make sure the Plaintiff was provided emergency medical care after dental received his emergency requests for medical attention.

283. Defendant Jane/John Doe had a duty/obligation to make sure the Plaintiff received a prompt examination to assess his medical condition after dental received his emergency requests for medical attention.

## B. DEFENDANT JANE/JOHN DOE BREACHED THAT DUTY/ OBLIGATION TO THE PLAINTIFF

284. Defendant Jane/John Doe failed to make sure the Plaintiff was seen by dental in March of 2016 for his scheduled dental appointment.

285. Defendant Jane/John Doe failed to make sure that the Plaintiff was provided emergency medical care after receiving his emergency requests for medical attention.

286. Defendant Jane/John Doe failed to make sure the Plaintiff received a prompt examination to assess his medical condition after receiving his emergency requests for medical attention.

## C. A CASUAL CONNECTION EXISTS BETWEEN THE DEFENDANT'S CONDUCT AND THE PLAINTIFF'S INJURY

287. Defendant Jane/John Doe failed to make sure the Plaintiff received emergency medical care and, consequently, the Plaintiff suffered, unnecessarily (and for a prolonged period of time), severe facial pains (among other injuries).

288. Defendant Jane/John Doe failed to make sure the Plaintiff attended his March of 2016 dental appointment and, consequently, the Plaintiff suffered, unnecessarily (and for a prolonged period of time), severe facial pains (among other injuries).

289. Defendant Jane/John Doe failed to make sure the Plaintiff received a prompt medical examination after receiving his emergency requests for medical attention and, consequently, the Plaintiff suffered, unnecessarily (and for a prolonged period of time), severe facial pains (among other injuries).

290. Defendant Jane/John Doe behaved negligently.

## D. ACTUAL INJURY/HARM OCCURRED BECAUSE OF THE DEFENDANT'S NEGLIGENCE

291. Because of the defendant's negligence, the Plaintiff suffered severe pains, unnecessarily, and for an extended period of time. The Plaintiff suffered from neck pains, jaw pains, face pains, mouth pains, grief, anger, sleeplessness, frustration, inconvenience, discomfort, migraines, and headaches. The Plaintiff also

could not eat, drink, or sleep at times (due to the excruciating pain).

## COUNT XX - NEGLIGENCE (JANE/JOHN DOE II)

292. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

### A. DEFENDANT JANE/JOHN DOE II HAD A DUTY/OBLIGATION

293. Defendant Jane/John Doe II, a medical practictioner and Dr.Trejada's

   nurse/assistant, had a duty/obligation to make sure the Plaintiff was seen/treated

   by dental in March of 2016 for his scheduled appointment.

294. Defendant Jane/John Doe II had a duty/obligation to make sure the Plaintiff was

   provided emergency medical care after dental received his emergency requests

   for medical attention.

295. Defendant Jane/John Doe II had a duty/obligation to make sure the Plaintiff

   received a prompt examination, to assess his medical condition, after receiving

   his emergency requests for medical attention.

### B. DEFENDANT JANE/JOHN DOE II BREACHED THAT DUTY/ OBLIGATION TO THE PLAINTIFF

296. Defendant Jane/John Doe II failed to make sure that the Plaintiff was seen by

   dental on his March of 2016 scheduled appointment.

297. Defendant Jane/John Doe II failed to make sure that the Plaintiff was provided

   emergency medical care after receiving his emergency requests for medical

   attention.

298. Defendant Jane/John Doe II failed to make sure that the Plaintiff received a

prompt examination, to assess his medical condition, after receiving his emergency requests for medical attention.

## C. A CASUAL CONNECTION EXISTS BETWEEN THE DEFENDANT'S CONDUCT AND THE PLAINTIFF'S INJURY

299. Defendant Jane/John Doe II failed to make sure the Plaintiff received emergency medical care and, consequently, the Plaintiff suffered, unnecessarily (and for a prolonged period of time), severe facial pains (among other injuries).

300. Defendant Jane/John Doe II failed to make sure the Plaintiff attended his March of 2016 dental appointment and, consequently, the Plaintiff suffered, unnecessarily (and for a prolonged period of time), severe facial pains (among other injuries).

301. Defendant Jane/John Doe II failed to make sure the Plaintiff received a prompt medical examination after receiving his emergency requests for medical attention and, consequently, the Plaintiff, unnecessarily (and for a prolonged period of time),suffered severe facial pains (among other injuries).

302. Defendant Jane/John Doe II behaved negligently.

## D. ACTUAL INJURY/HARM OCCURRED BECAUSE OF THE DEFENDANT'S NEGLIGENCE

303. Because of the defendant's negligence, the Plaintiff suffered ,unnecessarily, (and for an extended period of time) neck pains, jaw pains, face pains, mouth pains, grief, anger, sleeplessness, and headaches (among other things).

## COUNT XXI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (TED WILLIAMS)

304. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

305. Defendant Ted Williams owed the Plaintiff a duty,i.e., it was his duty to make sure that the Plantiff received emergency medical care for his dental condition.

306. Defendant Ted Williams owed the Plaintiff a duty,i.e., it was his duty to make . sure that the Plaintiff was seen/treated by dental in March of 2016 for his scheduled appointment.

307. Defendant Ted Williams owed the Plaintiffin a duty, i.e., it was his duty to make sure the Plaintiff received an immediate examination after submitting his emergency requests for dental services.

308. Defendant Ted Williams breached his duty of, among other things, care (to the Plaintiff) ,which resulted in physical and emotional injuries that were reasonably forseeable. The Plaintiff's injuries were a foreseeable result of a breach of duty/care owed by Defendant Ted Williams. It was foreseeable that the Plaintiff, if not provided with emergency dental care and an immediate dental examination, would continue to endure:(1)neck pains; (2) face pains; (3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating at times); (5) headaches; (6) migraines; (7)unnecessary grief; (8) unnecessary stress; (9) unnecessary anger; (10) unnecessary anixety; (11) unnecessary inconvience; (12) sleeplessness ; and (13) unnecessary discomfort.

## COUNT XXII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (DR.ITALIA)

309. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

310. Defendant Dr.Italia owed the Plaintiff a duty because he was a patient (or potential patient) of the defendant, which created (or would create) an existing duty (or pre-existing) duty of care pursuant to the doctor-patient relationship.

311. Defendant Dr.Italia owed the Plaintiff a duty to conduct an immediate examination after receiving his dental complaints and emergency requests for medical attention.

312. Defendant Dr.Italia owed the Plaintiff a duty to make sure that he was provided emergency medical/dental services for his injury.

313. Defendant Dr.Italia owed the Plaintiff a duty to make sure that he was seen in March of 2016 for his scheduled dental appointment.

314. Defendant Dr.Italia breached his duty of, among other things, care (to the Plaintiff), which resulted in physical and emotional injuries that were reasonably foreseeable. The Plaintiff's injuries were a foreseeable result of a breach of duty/care owed by Defendant Dr.Italia. It was foreseeable that the Plaintiff, if not provided with emergency dental care and an immediate dental examination, would continue to endure:(1)neck pains; (2) face pains; (3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating or drinking at times); (5) headaches; (6) migraines; (7)unnecessary grief; (8) unnecessary stress; (9) unnecessary anger; (10) unnecessary anixety; (11) unnecessary inconvience; (12) sleeplessness ; and (13) unnecessary discomfort.

## COUNT XXIII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (DR.TREJADA)

315. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

316. Defendant Dr.Trejada owed the Plaintiff a duty because he was a patient (or potential patient) of the defendant, which created (or would create) an existing duty (or pre-existing) duty of care pursuant to the doctor-patient relationship.

317. Defendant Dr.Trejada owed the Plaintiff a duty to conduct an immediate examination after receiving his dental complaints and emergency requests for medical attention.

318. Defendant Dr.Trejada owed the Plaintiff a duty to make sure that he was provided emergency medical/dental services for his condition.

319. Defendant Dr.Trejada owed the Plaintiff a duty to make sure that he was seen in March of 2016 for his scheduled dental appointment.

320. Defendant Dr.Trejada breached his duty of, among other things, care (to the Plaintiff), which resulted in physical and emotional injuries that were reasonably forseeable. The Plaintiff's injuries were a foreseeable result of a breach of duty/care owed by Defendant Dr.Trejada. It was foreseeable that the Plaintiff, if not provided with emergency dental care and an immediate dental examination, would continue to endure:(1)neck pains; (2) face pains; (3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating or drinking at times); (5) headaches; (6) migraines; (7)unnecessary grief; (8) unnecessary stress; (9) unnecessary anger; (10) unnecessary anixety; (11) unnecessary inconvience; (12)

sleeplessness; and (13) unnecessary discomfort.

## COUNT XXIV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (JANE/JOHN DOE)

321. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

322. Defendant Jane/John Doe owed the Plaintiff a duty because he was a patient (or potential patient) of the defendant, which created (or would create) an existing duty (or pre-existing) duty of care pursuant to the doctor/nurse-patient relationship.

323. Defendant Dr.Jane/John Doe owed the Plaintiff a duty to conduct an immediate examination after receiving his dental complaints and emergency requests for medical attention.

324. Defendant Jane/John Doe owed the Plaintiff a duty to make sure that he was provided emergency medical/dental services for his injury.

325. Defendant Jane/John Doe owed the Plaintiff a duty to make sure that he was seen in March of 2016 for his scheduled dental appointment.

326. Defendant Dr.Jane/John Doe breached his/her duty of, among other things, care (to the Plaintiff), which resulted in physical and emotional injuries that were reasonably forseeable. The Plaintiff's injuries were a foreseeable result of a breach of duty/care owed by Defendant Jane/John Doe. It was foreseeable that the Plaintiff, if not provided with emergency dental care and an immediate dental examination, would continue to endure:(1)neck pains; (2) face pains; (3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating or drinking at

times); (5) headaches; (6) migraines; (7)unnecessary grief; (8) unnecessary

stress; (9) unnecessary anger; (10) unnecessary anixety; (11) unnecessary

inconvience; (12) sleeplessness; and (13) unnecessary discomfort.

## COUNT XXV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (JANE/JOHN DOE II)

327. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

328. Defendant Jane/John Doe II owed the Plaintiff a duty because he was a patient

(or potential patient) of the defendant, which created (or would create) an

existing duty (or pre-existing) duty of care pursuant to the doctor/nurse-patient

relationship.

329. Defendant Dr.Jane/John Doe II owed the Plaintiff a duty to conduct an

immediate examination after receiving his dental complaints and emergency

requests for medical attention.

330. Defendant Jane/John Doe II owed the Plaintiff a duty to make sure that he was

provided emergency medical/dental services for his injury.

331. Defendant Jane/John Doe II owed the Plaintiff a duty to make sure that he was

seen in March of 2016 for his scheduled dental appointment.

332. Defendant Dr.Jane/John Doe II breached his/her duty of, among other things,

care (to the Plaintiff), which resulted in physical and emotional injuries that were

reasonably forseeable. The Plaintiff's injuries were a foreseeable result of a

breach of duty/care owed by Defendant Jane/John Doe II. It wa foreseeable that

the Plaintiff, if not provided with emergency dental care and an immediate dental

/medical practitioner would continue to endure:(1) neck pains; (2) face pains ;(3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating at times); (5) headaches; (6) migraines; (7) unnecessary grief; (8) unnecessary stress; (9) unnecessary anger; (10) unnecessary anxiety; (11) unnecessary inconvience; (12) sleeplessness; and (13) unnecessary discomfort.

## COUNT XXVI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NURSE FICKS)

333. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

334. Defendant Nurse Ficks owed the Plaintiff a duty because he was a patient of the defendant, i,e., Defendant Nurse Ficks had an obligation to make sure that the Plaintiff received his pain medication on the morning of April 19, 2016, to relieve the pain and trauma from his [the Plaintiff's] oral surgery.

335. Defendant Nurse Ficks breached her duty of, among other things, care (to the Plaintiff), which resulted in physical and emotional injuries that were reasonably forseeable. The Plaintiff's injuries were a foreseeable result of a breach of duty/care owed by Defendant Nurse Ficks. It was foreseeable that the Plaintiff, if not provided with emergency dental care and an immediate dental examination, would continue to endure:(1) neck pains; (2) face pains; (3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating at times); (5) headaches; (6) migraines; (7) unnecessary grief; (8) unnecessary stress; (9) unnecessary anger; (10) unnecessary anxiety; (11) unnecessary inconvience; (12) sleeplessness; and (13) unnecessary discomfort.

## COUNT XXVII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(NURSE BOB)**

336. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

337. Defendant Nurse Bob owed the Plaintiff a duty to make sure that he was provided prompt medical treatment/attention, or Defendant Nurse Bob should have at least attempted to make sure the Plaintiff was provided prompt medical treatment, because the Plaintiff informed him on April 8, 2016, and April 8, 2016, that he was having severe toothaches, which were affecting his daily activities;and that dental was informed;however, they still have not provided him emergency care.

338.Defendant Nurse Bob breached his duty of, among other things, care (to the Plaintiff) ,which resulted in physical and emotional injuries that were reasonably forseeable. The Plaintiff's injuries were a foreseeable result of a breach of duty/care owed by Defendant Nurse Ficks. It is foreseeable that the Plaintiff, if not provided with emergency dental care and an immediate dental examination, would continue to endure:(1)neck pains; (2) face pains; (3) jaw pains; (4) mouth pains (which prevented the Plaintiff from eating at times); (5) headaches; (6) migraines; (7)unnecessary grief; (8) unnecessary stress; (9) unnecessary anger; (10) unnecessary anixety; (11) unnecessary inconvience; (12) sleeplessness; and (13) unnecessary discomfort.

## COUNT XXVIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (TED WILLIAMS)

339. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

340. Defendant Ted Williams' conduct was extreme and outrageous;he denied the Plaintiff emergency medical care, for his severe dental injuries;he did not make sure a medical practitioner conducted an immediate examination of the Plaintiff

after receiving his complaints of serious dental pains;and he did not make sure the Plaintiff attended his March of 2016 dental appointment.

341. Defendant Ted Williams' conduct was intentional and/or reckless; he knew, or should have known, that the Plaintiff was enduring severe pain and toothaches, which were affecting his daily activities;however, he ignored the Plaintiff's requests for emergency medical attention;thus, showing a reckless and callous disregard for the Plaintiff's health and well-being.

342. The Plaintiff suffered severe emotional distress because of Defendant Ted Williams' conduct,i.e., the Plaintiff suffered from anxiety, stress, grief, anger, discomfort, inconvenience, migraines, headaches, and sleeplessness. The Plaintiff also could not eat or drink at times because of the excruciating pain that he was in.

## COUNT XXIX-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DR.ITALIA)

343. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

344. Defendant Dr.Italia's conduct was extreme and outrageous;he denied the Plaintiff emergency medical care, for his severe dental injuries;he did not make sure a medical practitioner conducted an immediate examination of the Plaintiff after receiving his complaints of serious dental pains;and he did not make sure the Plaintiff attended his March of 2016 dental appointment.

345. Defendant Ted Italia's conduct was intentional and/or reckless; he knew, or should have known, that the Plaintiff was enduring severe pain and toothaches, which were affecting his daily activities;however, he ignored the Plaintiff's

requests for emergency medical attention;thus, showing a reckless and callous disregard for the Plaintiff's health and well-being.

346. The Plaintiff suffered severe emotional distress because of Defendant Dr.Italia's conduct,i.e., the Plaintiff suffered from anxiety, stress, grief, anger, discomfort, inconvience, migraines, headaches, and sleeplessness. The Plaintiff also could not eat or drink at times because of the excruciating pain that he was in.

## COUNT XXX-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DR.TREJADA)

347. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

348. Defendant Dr.Trejada's conduct was extreme and outrageous;he denied the Plaintiff emergency medical care, for his severe dental injuries;he did not make sure a medical practitioner conducted an immediate examination of the Plaintiff after receiving his complaints of serious dental pains;and he did not make sure the Plaintiff attended his March of 2016 dental appointment.

349. Defendant Ted Trejada's conduct was intentional and/or reckless; he knew, or should have known, that the Plaintiff was enduring severe pain and toothaches, which were affecting his daily activities;however, he ignored the Plaintiff's requests for emergency medical attention;thus, showing a reckless and callous disregard for the Plaintiff's health and well-being.

350. The Plaintiff suffered severe emotional distress because of Defendant Trejada's conduct,i.e., the Plaintiff suffered from anxiety, stress, grief, anger, discomfort, inconvience, migraines, headaches, and sleeplessness. The Plaintiff also could

not eat or drink at times because of the excruciating pain that he was in.

## COUNT XXXI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (JANE/JOHN DOE)

351. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

352. Defendant Jane/John Doe's conduct was extreme and outrageous;he/she denied the Plaintiff emergency medical care, for his severe dental injuries;he/she did not make sure a medical practitioner conducted an immediate examination of the Plaintiff after receiving his complaints of serious dental pains;and he/she did not make sure the Plaintiff attended his March of 2016 dental appointment.

353. Defendant Jane/John Doe's conduct was intentional and/or reckless; he/she knew, or should have known, that the Plaintiff was enduring severe pain and toothaches, which were affecting his daily activities;however, he/she ignored the Plaintiff's requests for emergency medical attention;thus, showing a reckless and callous disregard for the Plaintiff's health and well-being.

354. The Plaintiff suffered severe emotional distress because of Defendant Jane/John Doe's conduct,i.e., the Plaintiff suffered from anxiety, stress, grief, anger, discomfort, inconvenience, migraines, headaches, and sleeplessness. The Plaintiff also could not eat or drink at times because of the excruciating pain that he was in.

## COUNT XXXII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (JANE/JOHN DOE II)

355. The Plaintiff re-alleges and incorporates by reference paragraphs 1-96.

356. Defendant Jane/John Doe II's conduct was extreme and outrageous;he/she denied

the Plaintiff emergency medical care, for his severe dental injuries;he/she did not make sure a medical practitioner conducted an immediate examination of the Plaintiff after receiving his complaints of serious dental pains;and he/she did not make sure the Plaintiff attended his March of 2016 dental appointment.

357. Defendant Jane/John Doe II's conduct was intentional and/or reckless; he/she knew, or should have known, that the Plaintiff was enduring severe pain and toothaches, which were affecting his daily activities;however, he/she ignored the Plaintiff's requests for emergency medical attention;thus, showing a reckless and callous disregard for the Plaintiff's health and well-being.

358. The Plaintiff suffered severe emotional distress because of Defendant Jane/John Doe II's conduct,i.e., the Plaintiff suffered from anxiety, stress, grief, anger, discomfort, inconvience, migraines, headaches, and sleeplessness. The Plaintiff also could not eat or drink at times because of the excruciating pain that he was in.

## COUNT XXXIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (NURSE FICKS)

359. The Plaintff re-alleges and incorporates by reference paragraphs 1-96.

360. Defendant Nurse Ficks' conduct was extreme and outrageous;she denied the Plaintiff treatment/pain medication for his oral surgery so that the Plaintiff would continue to suffer severe pain.

361. Defendant Nurse Ficks' conduct was intentional and/or reckless; she knew, or should have known, that the Plaintiff was enduring severe pain and toothaches, which

were affecting his daily activities.

362. The Plaintiff suffered severe emotional distress because of Defendant Nurse
Ficks' conduct, i.e., the Plaintiff suffered from anxiety, stress, grief, anxiety,
and discomfort (among other things).

## PRAYER FOR RELIEF

363. The Plaintiff is requesting $250,000 in compensatory damages.

364. The Plaintiff is requesting $500,000 in punitive damages.

365. The Plaintiff is requesting any relief that this Honorable Court deems just
and proper.

dated: January 31, 2018.

Respectfully submitted,

Ayodele Oke, #KW4664
S.C.I. Roc Forest
P.o. Box 945
Marienville, Pa 16239

74

## VERIFICATION

I, Ayodele Oke, pursuant to 28 U.S.C. § 1746, hereby declare that the

matters/facts stated in this complaint are true and correct to the best of my personal

knowledge; I am competent to attest to the matters so asserted as they are based upon

personal knowledge.

Ayodele Oke, #KW4664
S.C.I. Forest
P.O. Box 945
Marienville, Pa 16239

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
AYODELE OKE, #KW4664

### DEFENDANTS
MARK GARMAN, et.al

**(b)** County of Residence of First Listed Plaintiff   Forest
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Centre County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* - No attorney;
I am Pro se. Address is S.C.I. Forest, P.O. Box 945, Marienville, PA 16239

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USCA § 1983
Brief description of cause:
Article III Cl. 1 Case or Controversy + 8th Amendment Violation (among others)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE   01/31/18
SIGNATURE OF ATTORNEY OF RECORD   unrepresented party
(signature) unrepresented party

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

To Whom this may concern:

My name is Ayodele Oke. In this envelope are the following documents:
(1) My lawsuit stapled to my exhibits
(2) Marshal Service form for each of the defendants
(3) the waiver of the service forms for each of the defendants
(4) Civil cover sheet
(5) Application to Proceed IN Forma Pauperis
(6) Notice of a lawsuit and request to waive Service of a summons for each of the defendants

I was told by a staff member not to staple anything but my complaint and its exhibits, so that is exactly what I've done. This is a new lawsuit. My address and contact info are:

Ayodele Oke, #hw4664
S.C.I. Forest
P.O. Box 945
Marienville, PA 16239

Ayodele Oke, #KW4664

neopost
02/02/2018
US POST

INMATE
MAIL

United States District Court
for the
Middle District of Pennsylvania
Clerk of Courts
240 West Third Street
Suite 218
Williamsport PA 17701

PRIORITY
MAIL
TRACKED ★★★
INSURED

Yodele Okoe #KU4664
SCI Forest
P.O. Box 945
Marienville PA 16239

USMS X-RAY

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

Label 400 Jan. 2013
7690-16-000-7948

9114 9012 3080 3912 3313 16