# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AYODELE OKE,            :
      **Plaintiff**      :
                        :        **No. 3:18-cv-310**
      **v.**              :
                        :        **(Judge Rambo)**
**MARK GARMAN**, *et al.*,   :
      **Defendants**    :

## MEMORANDUM

This matter is before the Court pursuant to three (3) motions to compel (Doc. Nos. 36, 40, 42) filed by *pro se* Plaintiff Ayodele Oke ("Plaintiff"), Defendants' responses thereto (Doc. Nos. 38, 44, 45), Plaintiff's reply brief regarding his third motion to compel (Doc. No. 47), and Plaintiff's motion for an extension of time to complete discovery (Doc. No. 46). Defendants have neither responded to the motion for an extension of time to complete discovery nor requested an extension of time to do so. Accordingly, all motions are ripe for disposition.

## I.     BACKGROUND

Plaintiff, who is currently incarcerated at the State Correctional Institution Forest in Marienville, Pennsylvania ("SCI Forest"), initiated the above-captioned case on February 5, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Mark Garman ("Garman"), Deputy McMahon ("McMahon"), Deputy Houser ("Houser"), Major Haldeman ("Haldeman"), Ted Williams ("Williams"), Dr. Italia ("Italia"), Dr. Trejada ("Trejada"), Captain Probst ("Probst"), Lt. Hoover

("Hoover"), Lt. Vance ("Vance"), Nurse Ficks ("Ficks"), Nurse Bob ("Kazlaski"),[1] and three Jane/John Doe individuals. (Doc. No. 1.) Plaintiff alleges that while incarcerated at SCI Rockview, Defendants denied him dental treatment for over six (6) weeks for a wisdom tooth that was cracked and contained a cavity. (*Id.*) All Defendants, except for the Jane/John Doe individuals, have appeared to defend in this matter.

After being served, Defendants filed motions to dismiss. (Doc. Nos. 19, 23.) On February 22, 2019, Magistrate Judge Carlson entered a Report and Recommendation recommending that Defendant Ficks' motion to dismiss be granted and that Plaintiff's claims against her be dismissed without prejudice to Plaintiff's right to file an amended complaint. (Doc. No. 28.) Three (3) days later, Magistrate Judge Carlson entered a Report and Recommendation recommending that the other Defendants' motion to dismiss be denied with respect to Plaintiff's claims against Defendants Williams, Kazlaski, Italia, and Trejada, but granted in all other respects and that Plaintiff's claims against the other Defendants be dismissed without prejudice to Plaintiff's right to file an amended complaint. (Doc. No. 29.) On March 20, 2019, the Court adopted the Reports and Recommendations and granted Plaintiff thirty (30) days to file an amended complaint. (Doc. No. 30.)

---

[1] Defendants' filings reflect that the proper name of this Defendant is Robert Kazlaski. Accordingly, the Court will refer to him by his last name.

Plaintiff did not file an amended complaint. Accordingly, on May 15, 2019, Defendants Kazlaski, Williams, Trejada, and Italia filed an answer to the complaint. (Doc. No. 31.) The parties subsequently engaged in discovery, which closed on November 15, 2019. During that time, Plaintiff has filed his motions to compel as well as his motion to extend the discovery period.

## II. DISCUSSION OF PLAINTIFF'S MOTIONS TO COMPEL

### A. STANDARD OF REVIEW

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Consequently, courts often – and appropriately – liberally apply discovery rules. *See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life*

*Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a

"valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad

discretion under Rule 26(b)(1). *See McConnell v. Canadian Pac. Realty Co.*, 280

F.R.D. 188, 192-93 (M.D. Pa. 2011).

### B. Plaintiff's First Motion to Compel (Doc. No. 36)

In his first motion to compel, Plaintiff seeks only to compel responses to his

various discovery requests propounded to Defendants Williams, Trejada, Italia, and

Kazlaski. (Doc. No. 36.) Plaintiff states that Defendants failed to respond to any of

his requests within thirty (30) days. (*Id.* at 1.) In response, Defendants state that on

September 9, 2019, they wrote to Plaintiff informing him that additional time would

be needed to respond to his numerous requests. (Doc. No. 38 at 3.) They maintain

that "[i]n lieu of contacting counsel with concerns over the timeliness of Defendants'

responses to Plaintiff's discovery request[s] as required by [the] [L]ocal [R]ules,

Plaintiff mailed counsel a letter stating that he planned to file a motion to compel

discovery simply because he refused to provide Defendants with additional time."

(*Id.*) Plaintiff filed his motion four (4) days later. (*Id.*) Defendants indicate that as

of October 4, 2019, they had responded to all of Plaintiff's requests except for those

directed to Defendant Kazlaski. (*Id.* at 5.) Plaintiff did not file a reply brief

contesting Defendants' assertion. Moreover, Plaintiff has not provided any evidence

suggesting that he has not received responses to his requests directed to Defendant

Kazlaski. Accordingly, the Court will deny as moot Plaintiff's first motion to compel.

## C.     Plaintiff's Second Motion to Compel

Plaintiff's second motion to compel seeks more complete responses to various discovery requests directed to Defendants Italia and Trejada. (Doc. No. 40.) The Court considers the requests at issue below.

### 1.     First Request for Production to Defendant Italia

Plaintiff's first request for production addressed to Defendant Italia and the response is as follows:

> 1. All of the Plaintiff Ayodele Oke's dental records.
>
> Response:   Following a reasonable search, Defendant Dr. Italia has identified that Plaintiff's dental records are responsive to this request. Defendant is producing those records and has identified them as Bates Numbers: OKE000001-OKE000012.
>
> Defendant Dr. Italia objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

(Doc. No. 41-1 at 3.)

Plaintiff argues that he needs all his dental records "in order to properly develop his claims," and that he "needs to see any and all remarks that were made about his problem tooth prior to February of 2016." (Doc. No. 40 at 2.) In response, Defendants state that Plaintiff "never complained about tooth pain prior to February 2016" and that he "was provided with records that date back to 2013." (Doc. No. 44

5

at 4.) Plaintiff has not argued otherwise. Accordingly, Plaintiff's second motion to compel will be denied as to this request.

> **2. Tenth, Fifteenth, Sixteenth, Seventeenth and Eighteenth Requests for Production to Defendant Italia and First, Second, Fourth, and Fifth Requests for Production to Defendants Trejada**

Plaintiff next takes issue with the following responses to these requests for production. Because Defendants' brief in opposition addresses these requests as a group, the Court considers them together.

> 10. Identify all of your nurses and dental assistants from February 1, 2016-April 19, 2016.
>
> Response: Following a reasonable search, there are no documents responsive to this request. Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory.
>
> 15. All documents, letters correspondence, notes, memoranda, or similar documents that reflect, refer or relate to any written and/or oral communications between Plaintiff Ayodele Oke and the Defendant Dr. Italia concerning the dental care at issue.
>
> Response: Following a reasonable search, the documents provided as Bates Number: OKE000001-OKE000012 and the documents attached to Plaintiff's complaint are responsive to this request.
>
> Defendant Dr. Italia objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.
>
> 16. All documents, letters, correspondence, notes, memoranda, or similar documents that reflect, refer or relate to any written and/or oral communications between Defendant Dr. Italia and any S.C.I Rockview Facility staff/medical personnel concerning the dental case at issue.

Response: Following a reasonable search, the documents provided as Bates Number: OKE000001-OKE000012 are responsive to this request.

Defendant Dr. Italia objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

17. All documents, letters, correspondence, notes, memoranda, or similar documents that reflect, refer or relate to any written and/or oral communications between S.C.I. Rockview Facility staff concerning the dental case at issue.

Response: Following a reasonable search, the documents provided as Bates Number: OKE000001-OKE000012 are responsive to this request.

Defendant Dr. Italia objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

18. All documents, letters, correspondence, notes, memoranda, or similar documents that reflect, refer or relate to any written and/or oral communications between S.C.I. Rockview medical/dental staff concerning the dental case at issue.

Response: Following a reasonable search, the documents provided as Bates Number: OKE000001-OKE000012 are responsive to this request.

Defendant Dr. Italia objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

1.      A copy of all correspondence between the Plaintiff Ayodele Oke and any dental staff and/or medical staff at S.C.I. Rockview from February 1, 2016, to October 1, 2016.

Response: Following a reasonable search, the documents attached to Plaintiff's complaint are responsive to this request, to which Plaintiff already has access.

Defendant Dr. Trejada objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

2.      A copy of all correspondence, notes, and or documents between any dental/medical personnel at S.C.I. Rockview regarding the Plaintiff Ayodele Oke's dental issue.

Response: Following a reasonable search, Defendant Dr. Trejada has identified that Plaintiff's medical records are responsive to this request. Defendant is producing those records and has identified them as Bates Numbers: OKE000001-OKE000012.

Defendant Dr. Trejada objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

4.      Identify all of your nurses and dental assistants from February 1, 2016 to April 19, 2016.

Response: Following a reasonable search, there are no documents responsive to this request.  Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory.

5.      Any correspondence, notes, and/or documents between you and any S.C.I. Forest staff and/or medical staff regarding the Plaintiff Ayodele Oke's dental condition from February 1, 2016 to October 1, 2016.

Response: Following a reasonable search, Defendant Dr. Trejada has identified that Plaintiff's dental records are responsive to this request. Defendant is producing those records and has identified them as Bates Numbers: OKE000001-OKE000012.

Defendant Dr. Trejada objects to this request to the extent that Plaintiff seeks additional materials outside the subject matter of this litigation occurring February 2016 to April 2016, which are not relevant.

(Doc. Nos. 41-1 at 6, 8-9, 41-2 at 3-4.)

In response, Defendants state that "neither Defendant Italia, nor Defendant Trejada[,] communicated with Plaintiff or SCI-Rockview regarding Plaintiff's dental treatment." (Doc. No. 44.) Defendants maintain further that they possess no more documents that are responsive to these requests. "[T]he [C]ourt cannot compel the production of things that do not exist. Nor can the [C]ourt compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation." *Amfosakyi v. Frito Lay*, No. 1:11-cv-651, 2011 WL 5593133, at *3 (M.D. Pa. Nov. 17, 2011). Accordingly, Plaintiff's second motion to compel will also be denied as to these requests.

### 3. Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, and Twenty-Fourth Requests for Production to Defendant Italia and Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Requests for Production to Defendant Trejada

Plaintiff next takes issue with the following responses to these requests for production. Because Defendants' brief in opposition addresses these requests as a group, the Court considers them together.

19. Identify all witnesses that you intend to present at trial.

Response: Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory or are

communications protected by the attorney-client privilege.  These details shall be provided pursuant to a Rule 16 scheduling order.

20. Identify all witnesses that you intend to present for any summary judgment motions that you may or may not file.

Response: Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.

21. Identify and produce any and all documents, letters, correspondence, notes, memoranda, or similar documents that you intend to present at trial.

Response: Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.  These details shall be provided pursuant to a Rule 16 scheduling order.

22. Identify and produce any and all documents, letters, correspondence, notes, memoranda, or similar documents that you intend to present as evidence in any summary judgment motions that you may file.

Response: Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.

23. Identify and produce any and all audio/video recordings that you intend to present as evidence in any summary judgment motions that you may file.

Response: Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.

24. Identify and produce any and all audio and video recordings that you intend to present at trial.

Response: Defendant Italia objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege. These details shall be provided pursuant to a Rule 16 scheduling order.

6. Identify all witnesses that you intend to present at trial.

Response: Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege. These details shall be provided pursuant to a Rule 16 scheduling order.

7. Identify all witnesses that you intend to present for any summary judgment motions that you may or may not file.

Response: Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.

8. Identify and produce any and all documents, letters, correspondence, notes, memoranda, or similar documents that you intend to present at trial.

Response: Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege. These details shall be provided pursuant to a Rule 16 scheduling order.

9. Identify and produce any and all documents, letters, correspondence, notes, memoranda, or similar documents that you intend to present as evidence in any summary judgment motions that you may file.

Response: Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.

10. Identify and produce any and all audio/video recordings that you intend to present as evidence in any summary judgment motions that you may file.

Response: Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.

11.     Identify and produce any and all audio and video recordings that you intend to present at trial.

Response: Defendant Trejada objects to this request to the extent that the request is more appropriately deemed an interrogatory or are communications protected by the attorney-client privilege.  These details shall be provided pursuant to a Rule 16 scheduling order.

(Doc. Nos. 41-1 at 10-11; 41-2 at 5-6.)

In response, Defendants state that these requests "are seeking communications between attorney and clients on potential witnesses and case strategy."  (Doc. No. 44 at 5.)  They assert that the privilege has not been waived, "and even if it had, the case strategy is being developed at this early stage.  Therefore, there is nothing to produce."  (*Id.*)  Defendants state that "because nothing was withheld, there is no privilege log to present to Plaintiff."  (*Id.*)  They aver that "they will comply with all pre-trial filings that will name their witnesses and exhibits intended to be used at trial."  (*Id.*)  The Court agrees that Plaintiff is not entitled to the information he seeks at this time.  Plaintiff provides no support for his theory that he is entitled to advance notice of the evidence Defendants intend to rely upon to support any summary judgment motion they may file.  Moreover, should this case proceed to trial, Defendants will be required to name their witnesses and exhibits intended to be used

at such. Accordingly, Plaintiff's second motion to compel will be denied as to these requests as well.

**D.    Plaintiff's Third Motion to Compel and for Sanctions (Doc. No. 42)**

**1.    Requests to Compel**

In his third motion to compel, Plaintiff takes issue with several responses to interrogatories posed to Defendants Italia, Trejada, and Williams. Those interrogatories and responses are as follows.

**a.    Interrogatories to Defendant Italia**

6. Identify the licensed facility dentist(s) and/or facility staff person(s)/employee(s) at S.C.I. Rockview who reviewed and responded to the Plaintiff Ayodele Oke's February of 2016 request slip, to dental, requesting dental services due to a toothache?

Response: I don't know other than it was not me.

8. Identify the licensed facility dentist(s) and/or facility staff person(s)/employee(s) who reviewed and responded, on March 23, 2016, to the Plaintiff Ayodele Oke's March 19, 2016 request slip, to dental, requesting dental services?

Response: I don't know other than it was not me.

15. Identify the licensed facility dentist(s) and/or facility staff employee(s) who reviewed and responsed to the Plaintiff Ayodele Oke's request slip to Defendant Dr. Italia dated April 19, 2016, and responded to by dental on April 21, 2016?

Response: I don't know other than it wasn't me.

18. Identify all of the medical staff and/or facility staff that you discussed the Plaintiff Ayodele Oke's dental condition with prior to treating him on April 18, 2016.

Response: I was not aware of any dental condition prior to April 18th until I performed an examination.

20. The defendants stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 6 the following: "The dentist shall make the determination as to whether a presenting dental problem is an emergency or not." The defendants also stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 7 the following: "Plaintiff was made aware that dental did not assess Plaintiff to have an urgent need."

Which dentist(s) initially determined that the Plaintiff['s] dental issue(s) did not require emergency and/or urgent medical treatment?

Response: I am not aware any determination was made until the inmate was seen in the dental office. Dr. Italia saw him and completed the procedure since it was a routine extraction and it could be done there and since security had already escorted him to dental. We always try to complete procedures when security is able to escort these inmates to our department. Often we are made aware that an inmate needs immediate dental care from one of the nurses who make rounds in the administrative custody or other restricted units of the prison of which we were not in this case.

(Doc. No. 43-1 at 4-9.)

## b. Interrogatories to Defendant Trejada

5. Who was the licensed facility dentist who received and/or responded to the Plaintiff Ayodele Oke's request slip to dental dated March 19, 2016, and responded to by dental on March 23, 2016?

Response: I don't know, but it wasn't me.

6. Who was the licensed facility dentist who received and/or responded to the Plaintiff Ayodele Oke's request slip to dental dated March 19, 2016, and responded to by dental on March 23, 2016?

Response: I don't know, but it wasn't me.

9. Who initially determined that the Plaintiff Ayodele Oke's dental problem(s) were not an emergency? And how did they come to that determination?

Response: I am not aware of any dental emergency, as I was never notified.

19. The defendants stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 6 the following: "The dentist shall make the determination as to whether a presenting dental problem is an emergency or not." The defendants also stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 7 the following: "Plaintiff was made aware that dental did not assess Plaintiff to have an urgent need."

Which dentist(s) initially determined that the Plaintiff['s] dental issue(s) did not require emergency and/or urgent medical treatment?

Response: I don't know, but it was not me.

(Doc. No. 43-1 at 16-17, 20.

### c.    Interrogatories to Defendant Williams

6. Who was the licensed facility dentist who received and/or responded to the Plaintiff Ayodele Oke's initial request slips to dental dated on or about February 28, 2016?

Response: I do not know.

7. Who was the licensed facility dentist who received and/or responded to the Plaintiff Ayodele Oke's request slip to dental dated March 19, 2016, and responded to by dental on March 23, 2016?

Response: I do not know.

9. Who was the licensed facility dentist and/or medical staff personnel that the Plaintiff Ayodele Oke was scheduled to see during his first dental appointment in March of 2016?

Response: I do not know.

11. Why wasn't the Plaintiff Ayodele Oke immediately rescheduled for an immediate appointment to see dental after he was not brought to his dental appointment on March 28, 2016?

Response: I don't know.

12. When/What was the date of the first time that you were made aware of the Plaintiff Ayodele Oke's complaints to dental of severe toothache? And how were you made aware of this information?

Response: I don't recall.

13. Who initially determined that the Plaintiff Ayodele Oke's dental problem(s) were not an emergency? And how did they come to that determination?

Response: I don't recall.

14. Was the Plaintiff Ayodele Oke brought down to dental on April 18, 2016, because another inmate's appointment had been cancelled? And if that was not the reason that the Plaintiff Ayodele Oke was finally seen by dental on April 18, 2016, then what was the reason?

Response: I don't recall.

15. The Defendants stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 7 the following: "When DOC Defendants received new information from Officer Ceprish that Plaintiff was in severe pain, DOC Defendants were able to get Plaintiff in to see dental that same day." When DOC Defendants had learned (or were told) by the corrections officer that the Plaintiff Ayodele was in severe pain due to dental pain, did you treat that as a situation requiring emergency medical treatment? And, if it was treated as a situation requiring emergency medical treatment, why was the Plaintiff Ayodele Oke's situation now treated as an emergency and not when the Plaintiff had submitted request slip(s) complaining of dental pain? Please explain the difference.

Response: I do not recall all of the circumstances related to this issue. I can only refer to my grievance response of 4/20/2016. The individual was scheduled for an appointment on 3/28/2016 with dental staff and the appointment was not made due to security availability.

16. The Defendants stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 6 the following: "The dentist shall make the determination as to whether a presenting dental problem is an emergency or not." The defendants also stated in the Defendants' Brief in Support of their Motion to Dismiss at pg. 7 the following: "Plaintiff was made aware that dental did not assess Plaintiff to have an urgent need."

Which dentist(s) initially determined that the Plaintiff['s] dental issue(s) did not require emergency and/or urgent medical treatment?

Response: I do not know.

(Doc. Nos. 42 at 15-16, 43-1 at 26-28.)

### d.    Discussion

The crux of Plaintiff's third motion to compel rests on his belief that Defendants' responses are inadequate because they responded that they had no personal knowledge regarding his interrogatories. Plaintiff asserts that these responses are inadequate because Defendants provided no information regarding the efforts they made to ascertain the requested information, as required by *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303 (E.D. Pa. 1996). Plaintiff also maintains that Defendant Italia's responses to his eighteenth and twentieth interrogatories are untruthful because Defendant Italia previously admitted that he was aware that Plaintiff had an appointment scheduled for March 28, 2016.

In response, Defendants aver that "[t]he facts of *Hansel* are strikingly different than this case in that the party seeking the answers there made several informal requests, there were two meetings with the Court, a succession of Court orders demanding proper responses, and a warning that sanctions would be imposed unless the information was provided." (Doc. No. 45 at 4.) Defendants further maintain:

> If unclear in the initial response, these Defendants intend to be clear now: none of these individuals, nor anyone at SCI Rockview, know who responded to Plaintiff's request slips. The slips were viewed by each Defendant; however, the slips do not contain a signature by the answering party and the handwriting has been unable to be identified. Therefore, outside of their lack of involvement in answering the request, none of them, nor anyone, has information that enables an answer. This is not evasive in the slightest: they are very clear they do not know.
>
> If this makes the response inadequate, Defendants apologize and can amend the interrogatory responses to reflect this information. At the very least, the explanations in this brief have cured any deficiency in their responses. However, Defendants cannot be compelled to provide answers when they do not know the information and have exhausted the avenues available to obtain the information. As a result, the motion to compel must be denied.
>
> Finally, to the extent that Plaintiff accuses Dr. Italia of being untruthful in his responses regarding his knowledge of Plaintiff's dental condition (Doc. 42, ¶¶ 29-30; 39-40), as was recently answered in the Fourth Request for Interrogatories, the dentists do not know why an inmate has an appointment ahead of time. They review the inmate's chart right before the appointment, but are not made aware why a specific inmate is being seen. Therefore, Dr. Italia did not know Plaintiff's condition on March 28 when Plaintiff's appointment was cancelled. For Plaintiff to accuse Dr. Italia of being untruthful before he received the answers to these requests is, at best, misguided and at worst, intentionally misleading the Court. Regardless, the motion to compel should be denied.

(*Id.* at 4-5.)

In his reply brief, Plaintiff avers that Defendants' responses are still inadequate because they "must state what efforts and steps were taken in order to attempt to retrieve the answers to the Plaintiff's interrogatories." (Doc. No. 47 at 2.) He argues that "Defendants' broad statement in a reply brief that they 'exhausted' avenues in an attempt to resolve the Plaintiff's interrogatories is inadequate." (*Id.* at 3.) Plaintiff states that he "needs to know exactly what steps were taken and cannot just rely on the Defendant's vague assertions." (*Id.*) He suggests further that Defendants have provided false discovery responses or that they lied in their motion to dismiss when they stated that an unknown dentist had determined that Plaintiff's condition was not an emergency. (*Id.* at 4-6.)

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel*, 169 F.R.D. at 305. "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Id.* (quoting *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977)). In the instant case, the Court agrees with Plaintiff that Defendant Italia's responses to the sixth, eighth, fifteenth, eighteenth, and twentieth interrogatories, Defendant Trejada's responses to the fifth, sixth, ninth, and nineteenth interrogatories, and Defendant Williams' responses to the sixth, seventh, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth

interrogatories are deficient. Defendants' clarification within their brief in response does not cure these deficiencies. Plaintiff is correct that Defendants' clarification is not made under oath. Moreover, the clarification fails to provide sufficient information relating to the efforts Defendants have made to obtain the information. For example, Defendants have "not disclosed whether [they are] in possession, custody, or control of any records or logs from which [they] can refresh [their] recollection or ascertain the requested information." *Oke v. Crowuther*, No. 1:18-cv-323, 2019 WL 4393388, at *2 (W.D. Pa. Sept. 14, 2019) (granting plaintiff's motion to compel based upon *Hansel*). Accordingly, the Court will grant Plaintiff's third motion to compel to the extent Plaintiff seeks more complete responses to the interrogatories at issue noted above.

### 2. Request for Sanctions

Plaintiff requests that the Court impose sanctions on Defendants, pursuant to Rule 37 of the Federal Rules of Civil Procedure for engaging in "dilatory and abusive," as well as "persistent," discovery abuses. (Doc. Nos. 42 at 16, 43 at 13.) Nothing before the Court, however, demonstrates that Defendants are acting in bad faith such that the imposition of sanctions would be warranted. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008). Plaintiff's belief that Defendants have committed discovery abuses stems only from his dissatisfaction with their responses to his voluminous requests for discovery as well as the

additional time Defendants have needed to respond to all of Plaintiff's requests. Accordingly, Plaintiff's request for sanctions will be denied.

## III.  MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY

As noted above, Plaintiff has also filed a motion for an extension of time to complete discovery, requesting a sixty (60)-day extension. (Doc. No. 46.) Plaintiff maintains that an extension is needed because he has additional discovery requests to which Defendants have not yet responded. (*Id.* at 1.) Defendants have not opposed Plaintiff's motion. While the Court will grant Plaintiff's motion and provide an additional sixty (60) days for the parties to complete discovery, the Court cautions Plaintiff that he should not attempt further to request documents or items that do not exist and therefore cannot be produced or items that are not subject to production at this time.

## IV.  CONCLUSION

In accordance with the foregoing, the Court will deny as moot Plaintiff's first motion to compel (Doc. No. 36), deny Plaintiff's second motion to compel (Doc. No. 40), and grant in part and deny in part Plaintiff's third motion to compel and for sanctions (Doc. No. 42). Defendants will be directed to supplement their responses to the interrogatories at issue in Plaintiff's third motion (Doc. No. 42) within thirty (30) days of the date of this Order. The Court will grant Plaintiff's motion for an extension of time to complete discovery (Doc. No. 46) and direct the parties to

complete discovery within sixty (60) days of the date of this Memorandum and accompanying Order.  The Court will also direct the parties to file any dispositive motions within forty-five (45) days after the close of discovery.  An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated:  November 26, 2019